Richard M. HOLDEN, Plaintiff,

v.

**BOSTON HOUSING AUTHORITY et al., Defendants.**

**Civ. A. No. 74-696-T.**

United States District Court,
D. Massachusetts.

Sept. 30, 1975.

**400**

Mark A. Michelson, Lawrence B. Litwak, Choate, Hall & Stewart, Boston, Mass., for Boston Housing Authority, Bernstein, Bunte and Connolly.

Hale & Dorr, Robert W. Mahoney, Harold Hestnes, Boston, Mass., for Daniel J. Finn.

Boston Legal Assistance Project, Ralph S. Tyler, Boston, Mass., for plaintiff.

## MEMORANDUM AND ORDER

TAURO, District Judge.

This is an action brought under 42 U.S.C. § 1983 by a former employee of the Boston Housing Authority (B.H.A.) against the B.H.A., its Administrator and three members of its Board of Directors.[1] The plaintiff alleges that he was wrongfully discharged from his position as a Management Liaison Officer with the agency in retaliation for his exercise of his rights under the First Amendment. Specifically, the plaintiff claims that he was discharged because he reported to law enforcement authorities that the B.H.A. had allegedly falsified financial records for Fiscal Years 1969 and 1970 and that the agency had failed to use statutory bidding procedures prior to entering into contracts with suppliers. The plaintiff was employed by the B.H.A. from April 16, 1969 until November 16, 1970. This action, in which the plaintiff seeks $1,000,000 as actual and punitive damages, was commenced on February 25, 1974.

The defendants have now moved to dismiss citing, among other grounds, the failure of the plaintiff to bring this action within the applicable statute of limitations. For the reasons stated in this opinion, the court agrees that the plaintiff has failed to comply with the applicable statute of limitations and that the claim must therefore be dismissed.

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the court is required to apply the statute of limitations which governs the most analogous claim under state law. *Scott v. Vandiver*, 476 F.2d 238, 242 (4th

1. The plaintiff originally filed this complaint pro se. Subsequently the plaintiff retained counsel and an amended complaint was filed on plaintiff's behalf. All references to plaintiff's claim in this opinion are to the amended complaint.

Cir. 1973); *Waters v. Wisconsin Steel Works of International Harvester Co.,* 427 F.2d 476 (7th Cir. 1970); *Sims v. Order of United Commercial Travelers of America,* 343 F.Supp. 112, 115 (D. Mass.1972). *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 104, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *Janigan v. Taylor,* 344 F.2d 781, 785 (1st Cir. 1965). The defendants contend that the most analogous claim under state law is in tort and that the Massachusetts two year limitation should apply.[2] The plaintiff argues that the most analogous claim under state law is in contract and that the Massachusets six year limitation, Mass.Gen.Laws, ch. 260, § 2, should apply. The defendants' theory is most persuasive.

■ Prosser, in his treatise, distinquishes between tort and contract as follows:

The fundamental difference between tort and contract lies in the nature of the interests protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law and, are based primarily upon social policy and not necessarily upon the will or intention of the parties. They may be owed to all those within the range of harm, or to some considerable class of people. Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of the parties manifesting consent, and are owed only to specific individuals named in the contract.

Prosser, Law of Torts § 92, at 613 (4th ed.1971) (footnote omitted). The application of these factors to the language of section 1983 provides support for the defendants' position.

■■ The provision which is now 42 U.S.C. § 1983 was enacted in 1871 as one of the methods by which Congress exercised its powers under § 5 of the Fourteenth Amendment to enforce the provisions of that Amendment. *Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The statute expresses a social policy that an aggrieved citizen should be able to seek legal redress against one who deprives him of his rights under that Amendment, or of rights made applicable to the states through that Amendment. The statute is applicable without regard to the will or intention of the party seeking redress or the party whose redress is sought. Moreover, the duty created by the statute is owed to a class of persons, rather than merely to those who have entered into some form of consensual arrangement. *See, e. g., Scott v. Vandiver,* 476 F.2d 238, 242 (4th Cir. 1973); *Bomar v. Keyes,* 162 F.2d 136 (2d Cir. 1947); *Ka-Haar Inc. v. Huck,* 345 F. Supp. 54 (E.D.Wis.1972). *See* Antieau, Federal Civil Rights Acts § 85.

■ In response the plaintiff argues that because the facts alleged in his complaint (a nineteen month tenure combined with a promotion during that period), if proven, would show that an implied in fact contract existed between himself and the B.H.A. and that the terms of that agreement were violated by his discharge, that claim here is analogous to a state claim in contract. Yet the plaintiff has not cited any authority, and this court has found none, which would allow a fact finder to draw these inferences from the plaintiff's allegations. Moreover, even if an implied in fact contract existed between the plaintiff and the B.H.A., and the plaintiff had some expectancy of continued employment, his claim in this court would still not be contractual in nature. The

---

2. By Chapter 777 of the Acts of 1973, the Massachusetts statute of limitations for torts was extended to three years. By its terms, however, the legislation extending the statute applied only to claims arising on or after January 1, 1974. Even if the statute did apply retroactively, the period of limitations would still have expired in this case. *See* Mass.Gen.Laws, ch. 260, § 2A.

rights which he seeks to enforce here are constitutional rights, imposed on the parties as a matter of Congressional policy, and independent of any private agreement into which they may have entered. If the plaintiff seeks to enforce rights under the First Amendment against deprivations by state officials, he would have that claim regardless of his contractual relationship with those officials or the agency for which they work.[3]

Accordingly, it is ordered that the plaintiff's claim be, and the same hereby is, dismissed.

---

3. The plaintiff also alleges that the procedures under which he was fired failed to afford him notice and an opportunity to be heard. The plaintiff, however, has not alleged facts which would tend to show that his employment "contract" included specific procedures for his discharge, that he was holding his position under "permanent appointment" so that he came within the discharge provisions of the Massachusetts Civil Service statute, Mass.Gen.Laws ch. 31, § 43, or that there was any other independent source which would provide him with an entitlement to such procedures and thereby allow their enforcement to be judged against constitutional standards. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).