**Freddie HAMBRICK**

v.

**ROYAL SONESTA HOTEL.**

**Civ. A. No. 75–2671.**

United States District Court,
E. D. Louisiana.

Nov. 19, 1975.

Ernest L. Jones, New Orleans, La., for plaintiff.

David A. Lang, Kullman, Lang, Inman & Bee, New Orleans, La., for defendant.

HEEBE, Chief Judge:

This is an employment discrimination case brought under Title VII. of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., and under 42 U.S.C. § 1981. Defendant moves to dismiss as to § 1981 on the grounds that the applicable statute of limitations has run. This raises the difficult and interesting question of what is the most appropriate state statute of limitations. There appears to be no definitive resolution of that question in this Circuit. Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011, 1017, n. 16 (5th Cir. 1971), suggests that the appropriate statute of limitations is L.S.A.–C.C. art. 3544, providing a ten year period in contract actions. Boudreaux also indicates that claims for equitable relief are subject to the doctrine of laches. Finally, it suggests that any claim for back pay is subject to L.S.A.–C.C. art. 3534 which provides a one year period for claims by "workmen . . . for the payment of their wages."

On the same day Boudreaux was decided, the late Judge Christenberry decided Lazard v. Boeing Company, 322 F.Supp. 343, 346 (E.D.La.1971). He held that the applicable statute of limitations was L.S.A.–C.C. art. 3544 though he did not agree that back pay claims were governed by L.S.A.–C.C. art. 3534. His rationale was that the "breath of the remedy available under § 1981" made the statute of limitations for torts (L.S.A.–C.C. art. 3536) or back pay inapplicable. The rationale in Boudreaux was that § 1981 is an action to enforce the right to contract and that, therefore, the contract statute of limitations is applicable except as to back pay.

The Boudreaux decision has been cited as controlling by at least one judge of this court. Watkins v. United Steel Workers of America, Local No. 2369, 369 F.Supp. 1221, 1225, n. 4 (E.D.La. 1974,), rev'd on other grounds, 516 F.2d 41 (5th Cir. 1975). It appears, however, to have been overruled sub silentio in Buckner v. Goodyear Tire and Rubber Co., 339 F.Supp. 1108, 1117 (N. D.Ala.1972), aff'd 476 F.2d 1287 (5th Cir. 1973). In that case, the court held than an action under § 1981 was ex delicto and not ex contractu. It then applied the Alabama one year statute of limitations covering "any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated." It would also seem to be settled that back pay awards are governed by the state statute of limitations governing back wages. Johnson v. Goodyear Tire & Rubber Co., Synthetic Rubber Plant, 491 F.2d 1364, 1379, n. 49 (5th Cir. 1974). It is however, still unclear whether this applies to the other relief available under § 1981. Guerra v. Manchester, 498 F.2d 641, 647, n. 7 (5th Cir. 1974). Fortunately, we need not resolve these questions.

Defendant cites Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), for the proposition that the filing of a claim with the Equal Employment Opportunities Commission (EEOC) does not toll the statute of limitations applicable under § 1981. The defendant is correct in its reading of Johnson but that raises the question of Johnson's retroactivity. We hold that Johnson is not retroactive. Therefore, it is unnecessary to decide which statute of limitations is applicable since plaintiff filed his claim

with the EEOC before even the shortest statute would have run.

The leading case on the retroactivity of non-constitutional, non-criminal decisions is *Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–109, 92 S.Ct. 349, 30 L.Ed. 2d 400 (1975). *Huson* raised the question of the retroactivity of *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). Rodrigue had held that the Outer Continental Shelf Lands Act (hereinafter Lands Act), 43 U.S.C. § 1331, *et seq.*, was not governed by admiralty law. In *Huson*, the Supreme Court held that the applicable state statute of limitations must be used under the Lands Act but that it would only be applied prospectively.

In *Huson*, the Court set out three factors to be considered in deciding whether a statute of limitations should be retroactive:

"First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that 'we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' . . . . Finally, we have weighed the inequity imposed by retroactive application . . . ." 404 U.S. 106–7, 92 S.Ct. 355.

*Johnson, supra,* overruled a long line of Fifth Circuit cases beginning with the 1971 *Boudreaux* decision, *supra,* which had held that the applicable statute of limitations under § 1981 was tolled by the filing of a complaint with the EEOC. *Johnson* was also a case of first impression before the Supreme Court, *certiorari* having been granted to resolve a conflict among the Circuits. 421 U.S. 457, 95 S.Ct. 1716. Similar facts were present in *Huson* where the Supreme Court

concluded that its *Rodrigue* decision was one of first impression and that *Rodrigue* overruled the consistent holdings of the Fifth Circuit. 404 U.S. 107, 92 S.Ct. 431.

Turning to the second factor, prospective application of *Johnson* will undermine its new rule to the extent that any retroactive application would control more cases that its prospective application, but this alone cannot be enough to deny a decision prospective application. If it were, no prospective decisions would be possible since every prospective decision undermines the newly announced rule to the same extent. We perceive no other way in which a prospective application of *Johnson* will undermine the new rule that case announces. The similarity of the facts before us with those in *Huson* strengthens our conclusion on this point. Moreover, we do not believe the broad remedial purposes of § 1981 would be furthered by holding that *Johnson* is retroactive. Many plaintiffs would find that they had lost their causes of action under § 1981. We believe this would be inimical to the national goal of ending employment discrimination embodied in § 1981 and Title VII.

Defendant argues that the last possible act of discrimination took place on June 18, 1973, when plaintiff was terminated. From that time until the May 1975 *Johnson* decision, the controlling law in this Circuit was that the filing of a charge with the EEOC tolled the applicable statute of limitations under § 1981.

"It cannot be assumed that he [the plaintiff] did or could foresee that this consistent interpretation of the Lands Act would be overturned. The most he could do was to rely on the law as it then was. 'We should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights.'" *Huson*, 404 U.S. 107, 92 S. Ct. 356, (citation omitted).

To hold that *Johnson* is retroactive would be extremely inequitable since plaintiff could not have foreseen the development of the law and since he had taken every measure required in this Circuit to preserve his rights prior to *Johnson*.

Therefore, we hold that the three-factor *Huson* test is met and that *Johnson* is only prospective in this Circuit. Accordingly,

It is the order of the Court that the motion of defendant Royal Sonesta Hotel to dismiss be, and the same is hereby, denied.