**Charles SMITH**

v.

**OLINKRAFT, INC.**

Civ. A. No. 75–0236.

United States District Court,
W. D. Louisiana,
Monroe Division.

Dec. 5, 1975.

Stephen J. Katz, Kidd & Katz, Monroe, La., for plaintiff.

Peyton Lacy, Jr., Care Olinkraft, Inc., West. Monroe, La., G. Phillip Shuler, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendant.

DAWKINS, Senior District Judge.

### RULING ON MOTION

By complaint filed March 10, 1975, Charles Smith brought this action against Olinkraft, Inc. (Olinkraft), to redress alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

We now have before us Olinkraft's 12(b) motion to dismiss plaintiff's § 1981 claim for money damages. Jurisdiction is conferred upon us by § 706(f) of the Civil Rights Act of 1964, 42 U.S. C. § 2000e–5(f) and 28 U.S.C. § 1343.

## BACKGROUND

Smith is a black man who was and remains an employee of Olinkraft which is engaged in processing of wood and paper products at, among other places, West Monroe, Louisiana.

Plaintiff alleges that on January 29, 1974, while performing shift work at defendant's West Monroe plant, he became involved in a heated argument with a white employee as to how his duties were to be performed. A white supervisor allegedly intervened and, after quietly sending the white employee about his usual work, violently cursed plaintiff in the presence of fellow employees, thereby causing him mental anguish, embarrassment, and humiliation.

On April 2, 1974, plaintiff timely lodged a formal complaint with the United States Equal Employment Opportunity Commission (EEOC) in New Orleans, Louisiana, contending that (1) he was cursed because of his race, (2) the supervisor's actions are imputable to Olinkraft, and (3) the cursing was a racially discriminatory employment practice violative of Title VII of the Civil Rights Act of 1964. EEOC issued plaintiff a "right to sue letter" on December 30, 1974, having neither filed a civil action in his behalf nor entered into a conciliation agreement to which he was a party.

Exercising the discretion conferred upon us by Title VII, we appointed counsel for plaintiff on February 6, 1975. Smith then brought this complaint seeking recovery of $10,000 for mental anguish, embarrassment, and humiliation, injunctive relief to preclude recurrence of such incidents, plus reasonable attorney's fees.[1]

After answering, defendant moved to strike all allegations of damages for mental anguish, embarrassment, and hu-

miliation, contending that these are compensatory or punitive elements of damages which properly are not recoverable under Title VII or § 1981. We referred that motion to the merits.

Olinkraft then filed this 12(b) motion to dismiss plaintiff's § 1981 claim for money damages, contending that it has prescribed, and consequently is barred under, applicable State law (Statute of Limitations).

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S § 1981 CLAIM FOR MONEY DAMAGES

■ Defendant correctly argues that, since 42 U.S.C. § 1981 prescribes no limitation period, we must apply the statute of limitations which would be applicable to the "most analogous state action." *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Guerra v. Manchester Terminal Corporation*, 498 F.2d 641 (5th Cir., 1974); *Johnson v. Goodyear Tire & Rubber Co., Synthetic Rubber Plant*, 491 F.2d 1364 (5th Cir., 1974); *Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011 (5th Cir., 1971); *Waters v. Wisconsin Steel Workers of International Harvester Co.*, 427 F.2d 476 (7th Cir., 1970), cert. denied, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

■ Moreover, it now is well settled that the timely filing of a Title VII charge with the EEOC does not toll the running of the applicable State statute of limitations on a § 1981 claim predicated upon the same alleged act of employment discrimination. *Johnson v. Railway Express Agency, Inc.*, overruling *Boudreaux v. Baton Rouge Marine Contracting Co., supra,* on that point.

Thus, the sole issue before us is whether plaintiff's § 1981 claim for money damages has prescribed by the running of approximately one year and one month.[2]

---

1. We are not today concerned with the merits of plaintiff's contentions.

2. It is not disputed that the sole alleged act of employment discrimination occurred January 29, 1974. Plaintiff's complaint was brought March 10, 1975.

■ Defendant contends that plaintiff's action sounds in tort and therefore should be governed by Louisiana Civil Code art. 3536, which provides in pertinent part:

"The following actions are also prescribed by one year:

"That for injurious words, whether verbal or written, * * * or resulting from offenses * * * ."

Defendant's position is correct.

Plaintiff vigorously contends that the § 1981 claim is governed by the ten-year residual prescriptive period governing contract claims under Louisiana Law. Louisiana Civil Code art. 3544.[3] *Boudreaux v. Baton Rouge Marine, supra* at note 16; *Johnson v. Goodyear Tire & Rubber Co., supra* at note 48; *Lazard v. Boeing Co.*, 322 F.Supp. 343 (E.D.La., 1971). He asserts that his right to enter into and perform an employment contract in a climate free of racial discrimination has been abrogated, thus the contractual—not delictual—prescriptive period should control.

In support of his position, plaintiff primarily relies on *Boudreaux v. Baton Rouge Marine Contracting Co., supra* at note 16, where the Court said, *en passant*:

"Because appellees in the District Court argued that any § 1981 claim would be barred by the one-year statute of limitations applicable to tort claims in Louisiana, LSA–C.C. art. 3536, we herein state our view for the guidance of the Court on remand that the applicable statute of limitations is rather the ten-year provision governing contract claims, LSA–C.C. art. 3544. It is, after all, the right to 'make and enforce contracts' which is protected by § 1981. *See Waters v. Wisconsin Steel Workers of International Harvester Company*, 427 F.2d 476, [at] 488 (7th Cir. 1970). Such suits, insofar as they seek equitable relief, are, of course, also governed by the equitable doctrine of laches and the requirement that the plaintiffs show the necessary degree of present or threatened future injury to support an equitable decree. However, *to the extent that appellants here seek damages for loss of back pay, their claim would seem to be governed by LSA–C.C. art. 3534 which sets a one-year prescription on actions by 'workmen * * * for the payment of their wages.' See Hitzman v. Ethyl Corporation*, 42 So.2d 155 (Ct.App.La. 1949)." (Emphasis ours.)

That holding was reiterated in *Johnson v. Goodyear Tire & Rubber Co., supra* at footnote 48:

" * * * Furthermore, we have held that the applicable statute of limitations for back pay is supplied by state law in a § 1981 suit. *See Boudreaux v. Baton Rouge Marine Contracting Company*, 437 F.2d 1011, at 1017, n. 16 (5th Cir., 1971)."

■ We cannot conclude that these authorities stand for an "across-the-board application" of the residual prescriptive period to all elements of a claim for relief under § 1981. Instead, it appears that, while the contractual prescriptive period generally may apply to timely filing of a § 1981 claim where broad relief is sought, specific elements of relief are governed by the prescriptive period applied in *the most analogous state action*. Thus, each element of relief sought in a § 1981 action may be said to be severable for prescriptive purposes, and each shall be controlled by the applicable State Statute of Limitations.

Since Smith's § 1981 claim for money damages clearly sounds in tort, we hold that the properly applicable prescriptive period is one year. La.Civ.Code art. 3536. See also *Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403 (W.D.Pa., 1975).

---

3. That article provides:
    "In general, all personal actions, except those before enumerated, are prescribed by ten years."

Plaintiff further argues that, since he seeks injunctive relief as well as damages the ten-year prescriptive period should apply. The Supreme Court expressly refused to entertain a similar argument in *Johnson v. Railway Express Agency, Inc., supra* at note 7:

"In the petition for certiorari it was argued that § 28–304 was inapplicable to petitioner's claim because that statute is limited to claims for damages, whereas petitioner sought injunctive relief as well as backpay. Our limited grant of certiorari foreclosed our considering whether some other Tennessee statute, such as Tenn.Code Ann. § 28–309 (1955) (six years for an action on a contract) or § 28–310 (1955) (10 years on an action not otherwise provided for), might be the appropriate one." [4]

Without speculating upon the reasons for the Supreme Court's limited grant of certiorari, we conclude that plaintiff's second argument also is well answered by the "backpay" cases. *Guerra v. Manchester Terminal Corporation, supra; Boudreaux v. Baton Rouge Marine Contracting Company, supra; Johnson v. Goodyear Tire & Rubber Company, supra.* These decisions recognize that, where an action analogous to a specific federal claim would lie under State law, the applicable State Statute of Limitations should be applied to that particular claim under § 1981.

Moreover, in *Johnson v. Railway Express Agency, Inc., supra,* the Supreme Court was careful to note the interest of the States in prescribing statutes of limitations:

" * * * Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim." 421 U.S. at 463–464, 95 S.Ct. at 1722.

Louisiana in its wisdom has settled upon a prescriptive period of one year in the most analogous State action "that for injurious words * * * or resulting from offenses * * *." La.Civ. Code art. 3536.[5]

Thus, we hold that plaintiff's § 1981 claim for money damages resulting from the alleged cursing has prescribed under applicable State law.[6]

Accordingly, defendant's motion to dismiss that claim hereby is granted.

---

4. Tennessee provides a one-year statute of limitation in civil rights actions.

5. We recognize the anomolous situation created by the fact that the several states prescribe different statutes of limitations for state causes of action analogous to § 1981 claims. This might appear to frustrate any uniform national policy underlying civil rights legislation. Notwithstanding, we here are bound by applicable state law.

6. No circumstances are present in the record which would toll the running of the prescriptive period as a matter of state law.