Charles G. HINES

v.

OLINKRAFT, INC., et al.

Civ. A. No. 750599.

United States District Court,
W. D. Louisiana,
Monroe Division.

June 3, 1976.

Stephen J. Katz, Kidd, Katz & Strickler, Monroe, La., for plaintiff.

Peyton Lacy, Jr., West Monroe, La., G. P. Shuler, III, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for Olinkraft, Inc.

Pamela D. Walker, Youngdahl & Larrison, Little Rock, Ark., for Unions.

## RULING ON PENDING MOTIONS

DAWKINS, Senior District Judge.

By complaint filed June 16, 1975, Charles G. Hines brought this action to redress alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Defendants are plaintiff's employer, ·Olinkraft, Inc. (Olinkraft), and United Paper Workers International Union, together with United Paper Workers International Local Union No. 654 (the Unions), of which plaintiff is a member.

Jurisdiction is conferred upon us by § 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) and 28 U.S.C. § 1343.

We now have before us Olinkraft's motion to dismiss. Rule 12, F.R.Civ.P. It offers three contentions in support of its motion:

First: The complaint is barred by *res judicata* and/or collateral estoppel since at all times alleged in the complaint all issues raised by the complaint finally had been disposed of by the consent decree entered in *Algie Hicks, et al v. Olinkraft, Inc., et al,* Civil Action No. 14,777, United

States District Court for the Western District of Louisiana, Monroe Division. Second: The Court is without jurisdiction to adjudicate plaintiff's claims under 42 U.S.C. § 2000e–5(e)[1] since all events upon which these allegations are based took place more than 180 days prior to September 14, 1973, the date upon which plaintiff filed a formal charge of employment discrimination with the United States Equal Employment Opportunity Commission.

Third: Claims for relief under 42 U.S.C. § 1981 have prescribed under applicable State law.

Following a brief discussion of plaintiff's allegations, we shall discuss defendants' contentions *seriatim*.[2]

Charles G. Hines is a black man who was hired by Olinkraft on August 25, 1972. He initially was placed as a shipping-loader at Olinkraft's Plant No. 40. Hines contends that white persons, employed at approximately the same time as he, were placed as balers, a position offering the same pay rate but which is less demanding physically and therefore more desirable. Between August 25, 1972, and April 26, 1973, Olinkraft laid off many employees at Plant No. 40 for short periods of time. Hines contends that he often was laid off on occasions during which white persons with less seniority than he were retained; or, less-senior white personnel were recalled sooner than he. On April 26, 1973, plaintiff was laid off from Plant No. 40 and was not recalled until June 5, 1973. Hines contends that during this lay-off period many affected white employees were transferred to Olinkraft's Plant No. 47 without special request. Accordingly, Olinkraft management permitted them to avoid the economic effects of lay-off, while Hines was not offered such a transfer.

Plaintiff alleges that he brought all of the foregoing incidents to the attention of appropriate local union representatives; however, they took no action in his behalf. Thus he charges in the complaint that defendant unions generally have failed adequately and fairly to represent his interests. 42 U.S.C. § 2000e–2(c);[3] 42 U.S.C. § 1981.

Hines seeks declaratory and injunctive relief, together with "such other and further relief as may be necessary and proper, including back pay to which plaintiff may be entitled,"[4] plus costs and an award of reasonable attorney's fees. Section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k).

## RES JUDICATA OR COLLATERAL ESTOPPEL

■ In June, 1969, Algie Hicks brought a class action in this Court before this Judge against Olinkraft and the Unions,[5] alleging "across-the-board" violations of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq.* Following the first wave of discovery, the parties entered into a stipulation of settlement, together with an agreed order of dismissal which we signed on May 13, 1970. That order provided, *inter alia:*

"That this Court will retain jurisdiction for the period specified in paragraph 11 of the Stipulation of Settlement and upon

---

1. Hines' claims, discussed *infra,* are that he was victimized by Olinkraft's discrimination, based upon race, in hiring, initial job assignment, promotion, salary, lay-offs and recalls, and transfers.

2. For purposes of this motion to dismiss, we shall regard plaintiff's allegations as substantially correct.

3. That section provides in part:
   "It shall be an unlawful employment practice for a labor organization—
   (1) to exclude or expel from its membership, or otherwise to discriminate against any indi-

vidual because of his race, color, religion, sex, or national origin  . . . ."

4. Prayer for relief, plaintiff's complaint.
   It is not clear whether Hines desires reinstatement at Olinkraft together with any retroactive seniority to which he may be entitled should his claims be proven. See *Franks, et al v. Bowman Transportation Co., Inc., et al,* —— U.S. ——, 96 S.Ct. 1251, 47 L.Ed.2d 444, No. 64–728 (1976).

5. Hicks' action was against the International Brotherhood of Pulp, Sulphite, & Paper Mill Workers, together with Local No. 654 of that Union. These were the predecessors of the defendant Unions herein.

proof of noncompliance by the defendants with any provision of the Stipulation of Settlement, plaintiffs will be permitted to seek relief based upon the prayers of the original complaint as to those issues raised by the complaint as to which non-compliance with the corresponding portion of the stipulation of settlement is shown. In the event relief is ordered by the Court under said procedures, the remaining provisions of this settlement stipulation not affected by any Court order will remain in full force and effect."

Paragraph 11 of the stipulation of settlement provides that "the respective obligations and rights arising out of this Stipulation will terminate five years from the date of the signing of this agreement, with the exception of the rights established by Paragraph 1, which will terminate ten years from the date of the signing of this agreement." Approximately six years having elapsed since the signing of the stipulation of settlement, we presently retain jurisdiction only over the rights and obligations affected by Paragraph 1 of the settlement stipulation. That paragraph provides:

"The defendants will substitute total company seniority in lieu of job seniority for purposes of determining promotions, demotions, layoffs and recalls, as set forth in the Labor Agreement between the defendants, in every situation in which a member of the affected class is among the employees whose relative status is to be determined. In those situations where the relative status to be determined is limited to members of the affected class, the defendants will also substitute company seniority for job seniority for the purpose of determining promotions, demotions, layoffs and recalls, as set forth in the Labor Agreement between the defendants. 'Company seniority' is an employee's total length of continuous service in converting plants operated by Olinkraft, Inc. . . . in West Monroe, Louisiana."

In its brief supporting its motion to dismiss, Olinkraft contends that plaintiff is bound by the settlement agreement con-fected in *Hicks*. Since counsel for plaintiffs in that case were well known, competent civil rights lawyers who vigorously protected the interests of the class members therein, Olinkraft asserts that Hines' claims are barred by *res judicata*. *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir., 1973). That conclusion necessarily presupposes that Hines was a member of the affected class in *Hicks*. However, Paragraph 3 of the stipulation of settlement filed in the record in *Hicks* states plainly that:

"For purposes of Paragraphs 1 and 2 hereof, the affected class is defined as *Negro employees in the bargaining unit represented by Local No. 654* [of the Union] *who were employed by the company prior to August 1, 1963. . . .*" (Emphasis supplied.)

Hines initially was employed in August, 1972; therefore, he is by definition excluded from the class of persons affected by the settlement decree entered in *Hicks*. Plaintiff was not a party to that law suit, nor was he in privity with those plaintiffs. Accordingly, the stipulation of settlement does not operate as a bar to Hines' law suit under the doctrine of *res judicata*, nor is Hines collaterally estopped from bringing this action. *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40 (5th Cir., 1974).

## THE ONE HUNDRED AND EIGHTY DAY REQUIREMENT

■ The filing of a formal charge before the Equal Employment Opportunity Commission is a jurisdictional prerequisite to the filing of a civil action under Title VII. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir., 1970). That formal charge "shall be filed within one hundred eighty days after the alleged unlawful employment practice occurred . . . ." § 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e).

■ Since Hines' EEOC charge was filed September 14, 1973, only those alleged acts of employment discrimination which occurred on or after March 18, 1973, would fall within one hundred and eighty days of the filing of that charge. Although Olin-

kraft's counsel admits that we have jurisdiction over plaintiff's claims arising on or after March 18, 1973, it is argued that we are not empowered under Title VII to adjudicate the merits of plaintiff's claims which arose prior to that date. *Olson v. Rembrandt Printing Co.*, 375 F.Supp. 413 (E.D. Mo., 1974).

This contention squarely was addressed in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir., 1975).[6] That decision held, *inter alia*, that the 180-day requirement "is not 'jurisdictional' in the sense that compliance with it *vel non* determines the jurisdiction of the district court, without respect to any of the other circumstances in a particular case." *Reeb, supra*, at 928. Instead, the requirement is analogous to State statutes of limitations such as tolling and estoppel, together with the benefit of liberal statutory construction which is commanded by the remedial character of Title VII. *Reeb, supra*, at 928.

Failure strictly to comply with the several timetables of Title VII has been excused where: (1) an aggrieved party filed a complaint with the EEOC, which held the complaint in abeyance while a state conciliatory agency attempted to effect settlement, *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); (2) complainant's "right to sue letter" was received by his nine-year-old nephew who neglected to deliver it to the addressee, thus inadvertently causing his uncle's failure timely to file his civil complaint in District Court, *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir., 1974), aff'd on other grounds, —— U.S. ——, 96 S.Ct. 1251, 47 L.Ed.2d 444, No. 74–728 (1976); and (3) complainant utilized grievance procedures established under a collective bargaining agreement prior to filing an untimely

charge before the EEOC, *Culpepper v. Reynolds Metals Co.*, 421 F.2d 888 (5th Cir., 1970).[7]

However, we neither have been shown, nor do we know of, any circumstance which would excuse Hines from the 180-day requirement imposed by 42 U.S.C. § 2000e–5(e).

Accordingly, Olinkraft's motion to dismiss plaintiff's Title VII claims arising prior to March 18, 1973, hereby is granted.

## THE § 1981 CLAIM

▉ Title 42 U.S.C. § 1981 contains no limitations period; therefore, we are required to apply the statute of limitations of the State statute of limitations which would be applicable to the most analogous State action. *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 647 (5th Cir., 1974). Regarding plaintiff's claim for back pay, the applicable Louisiana prescriptive period is one year. La.Civ.Code Art. 3534.[8] Notwithstanding that, the claims for declaratory and injunctive relief are controlled by the residuary prescriptive period of ten years. La.Civ.Code Art. 3544; *Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011, 1017 at n. 16 (5th Cir., 1971); *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1378 at n. 48 (5th Cir., 1974); *Smith v. Olinkraft, Inc.*, 404 F.Supp. 861 (W.D.La., 1975).

▉ The prescriptive period clearly has run against plaintiff's claims for back wages, and, since it now is well settled that the filing of an EEOC charge does not operate to interrupt or suspend the running of prescription under § 1981 claims, *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), Olinkraft now seeks dismissal of that claim.

---

**6.** That case involved statutory construction of 42 U.S.C. § 2000e–5(d) which was redesignated 42 U.S.C. § 2000e–5(e) by the 1972 amendments to the Civil Rights Act of 1964. Under the prior law, a formal EEOC charge was required to be brought within 90 days of an alleged act of employment discrimination. The same principles, of course, control resolution of the legal issues whether the statutory requirement is one of 90 days or 180 days.

**7.** For a detailed discussion of these authorities, see *Reeb, supra*.

**8.** That article provides in part:
   "The following actions are prescribed by one year:
   \*     \*     \*     \*     \*     \*
   "That of workmen, . . . for the payment of their wages."

However, plaintiff's counsel argues that *Johnson* should be given prospective effect only, *Hambrick v. Royal Sonesta Hotel*, 403 F.Supp. 943 (E.D.La., 1975), and, accordingly, that Hines' back pay claim remains viable.

The issue in *Hambrick* was whether *Johnson* was subject to the principle of non-retroactivity announced in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The Supreme Court in *Huson* posited a three-tiered rule for deciding whether a non-constitutional, non-criminal decision should be given non-retroactive effect:

> "First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent . . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that 'we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question . . . .' Finally, we have weighed the inequity imposed by retroactive application . . . ." *Huson, supra* at 106–7, 92 S.Ct. at 355.

The Court in *Hambrick* correctly observed that:

> "*Johnson, supra,* overruled a long line of Fifth Circuit cases beginning with the 1971 *Boudreaux* decision, *supra,* which had held that the applicable statute of limitations under § 1981 was tolled by the filing of a complaint with the EEOC." *Hambrick, supra,* at 945.

The Court further found that the remaining two judicial considerations dictated by *Huson* likewise were with plaintiff. Retroactive application of *Johnson* would not further the broad remedial policies of § 1981. Indeed, the Court held that this "would be inimical to the national goal of ending employment discrimination embodied in § 1981 and Title VII." *Hambrick, supra,* at 945. Finally, to give retroactive application to the rule of *Johnson* would be most inequitable since plaintiff reasonably could not have foreseen that the Supreme Court would al-

ter the long standing tolling rule previously applied in this Circuit.

Although the Court's conclusions are persuasive, the Court of Appeals for the Fifth Circuit has given retroactive effect to the *Johnson* decision without discussion of the issue of retroactivity, and we consider ourselves bound thereby. *Dupree v. Hutchins Bros., et al,* 521 F.2d 236 (5th Cir., 1975).

Accordingly, we find that plaintiff's § 1981 claim for back pay has prescribed by the running of one year under La.C.C. Art. 3534, and Olinkraft's motion to dismiss that claim is granted. Otherwise, the motion is denied.