Anton N. J. HEYN

v.

**BOARD OF SUPERVISORS OF LOUISI-ANA STATE UNIVERSITY et al.**

Civ. A. No. 73–2027.

United States District Court, E. D. Louisiana.

June 4, 1976.

Supplemental Memorandum and Order July 26, 1976.

---

3.  *Coolidge v. New Hampshire*, 403 U.S. 443, 465–66, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Robert E. Barkley, Jr., Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for plaintiff.

Rutledge C. Clement, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

R. BLAKE WEST, District Judge.

Plaintiff, a professor of biology at the University of New Orleans, brought suit against the University and its Board of Supervisors, based upon Title 42, United States Code, Sections 1983 and 1985(3). On March 11, 1976, the Court issued a judgment granting Defendants' motions to dismiss and for summary judgment. The motions were granted for the following reasons:

### I. *Section 1983 Cause of Action*

Because Defendants filed both a motion to dismiss and a motion for summary judgment as to Plaintiff's Section 1983 claim, it is necessary to discuss each motion separately.

#### A. *Motion to dismiss Section 1983 claim*

■ Defendants sought to dismiss all claims alleged to have occurred prior to July 31, 1972 on the ground that such claims had prescribed. Because Section 1983 makes no provision for a limitation period, the Court must apply the statute of limitations which governs the most analogous claim under appropriate state law. *Scott v. Vandiver*, 476 F.2d 238 (C.A.4, 1973); *Waters v. Wisconsin Steel Works of International Harvester*, 427 F.2d 476 (C.A.7, 1970); *Smith v. Olincraft*, 404 F.Supp. 861 (W.D.La., 1975). Plaintiff argues that, since there is no statute under state law analogous to Section 1983, the general (catch-all) limitation of ten years, provided by Louisiana Civil Code Article 3544, is applicable.

Defendants, on the other hand, contend that Plaintiff's action sounds in tort and that the one-year prescriptive period of Civil Code Articles 2315 and 3536 applies.

■ The proposition that " ' . . . § 1983 [should] be read against the back-

ground of tort liability . . .'" has been recognized as correct by the United States Court of Appeals for the Fifth Circuit in *Bryan v. Jones*, 519 F.2d 44, 45 (C.A.5, 1975), and is well-established law. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ A careful review of the facts in the instant case, as summarized by plaintiff in Paragraph 8, page 4, of the final pre-trial order,[1] makes it clear that Plaintiff sought damages for violation of his civil rights. Plaintiff did not file a claim under Section 1981, which is the section of the Civil Rights Act which affords protection of contractual rights. Plaintiff's claim sounds in tort, and his contention that his civil rights were violated by a breach of any contractual rights is without merit.

Plaintiff's First Amendment rights are in no way dependent upon the existence of any rights he may possess as a result of breach of his contractual relationship with Defendants. This simple distinction was drawn in *Holden v. Boston Housing Authority*, 400 F.Supp. 399 (D.Mass., 1975), where the Court held:

"If the plaintiff seeks to enforce rights under the First Amendment against deprivations by state officials, he would have that claim regardless of his contractual relationship with those officials or the agency for which they work." Id. at 402.

The fact that a contractual relationship existed between Plaintiff and Defendants is incidental; the alleged violation of Plaintiff's civil rights is not more or less serious because of it. The alleged wrongful acts

occurred, and the alleged injurious words were spoken, before July 31, 1972.[2]

Furthermore, Plaintiff's claim that he is entitled to back pay, asserted under the Civil Rights Act, sounds in tort, not in contract. *Watkins v. Scott Paper Co.*, 530 F.2d 1159 (C.A.5, 1976).

For the foregoing reasons, the Court concluded that Plaintiff's claim, based on events which occurred more than one year prior to institution of suit, July 31, 1972, are barred by the one year limitation of Articles 2315 and 3536, and the motion to dismiss was granted.

### B. *Motion for Summary Judgment*

■ Defendants' motion to dismiss the cause of action under Section 1983 for claims which accrued prior to July 31, 1972 having been granted, the only remaining Section 1983 claim to be considered was based upon events which allegedly occurred during the period from July 31, 1972 to July 31, 1973. A thorough review of the record reveals that, as Defendants contend, there exists no allegation of wrong-doing on the part of Defendants on or after July 31, 1972,[3] and that all of the alleged violations of Plaintiff's civil rights occurred well before July 31, 1972. The fact that actions on the part of Defendants (i. e., the wrongful denial of promotion) were allegedly still causing Plaintiff injury after July 31, 1972 is not relevant to a determination of the date on which the one-year limitation period began to run. Prescription began to run from the date the alleged act which caused the alleged injury took place. Plaintiff admits that he had been planning to bring this

---

1. "(8) Immediately following, and as a result of, the above exercises of plaintiff's constitutionally protected freedom of speech, plaintiff began to experience harassment, intimidation, abuse, oppression, systematic professional indignities, reprisals, invidious discrimination, and numerous unfounded charges. Such treatment was initiated by Jack Carlton and was continued by Manuel Ibanez, who replaced plaintiff as Chairman of the Department. Defendants Good, Branan and Hitt were aware of the actions taken against plaintiff and in numerous instances approved such conduct and

in all instances acquiesced therein and condoned same. The defendant Board of Supervisors was also aware of many of the actions taken against plaintiff but did nothing to correct them."

2. See Plaintiff's deposition of April 25, 1975, particularly pgs. 19, 21, 23, 26, 37, 62, 73, 87, 114, 121, and 133.

3. See (1) Plaintiff's original complaint, (2) Plaintiff's note of evidence, and (3) the final pre-trial order.

suit for over ten years.[4] Indeed, if it were otherwise, once injured, a plaintiff's suit would never prescribe.

Hence, in the absence of any genuine issue as to any material fact, Defendants' motion for summary judgment was granted in regard to any remaining claims the plaintiff asserted under Section 1983.

## II. *Section 1985(3) Cause of Action*

■ Plaintiff asserted a claim under Title 42 United States Code Section 1985(3), which was enacted by Congress in 1871 as the enforcement vehicle for the Thirteenth Amendment. The original intent of the Congress in passing the Act, then commonly known as the Ku Klux Klan Act, was to provide to black persons equal protection of the laws of the United States and to rectify pre-existing moral and physical inhumanities. The legislative intent is clearly evident from the terms of the statute itself, which states:

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged

therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The United States Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), formulated four elements necessary to establish a cause of action under Section 1985(3). These elements are:

1. A conspiracy by the defendants,
2. With a purpose of depriving the plaintiff of equal protection of the law or equal privileges or immunities under the law,
3. A purposeful intent to discriminate, i. e., there must be some racial or perhaps otherwise class based invidiously discriminatory animus behind the conspirators' action, and
4. Injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in the furtherance of the conspiracy.

See also, *Jacobson v. Industrial Foundation of Permian Basin*, 456 F.2d 258 (C.A.5, 1972); *Kletschka v. Driver*, 411 F.2d 436, 447 (C.A.2, 1969).

Plaintiff asserts that he is a member of a class of university professors who were discriminated against in the exercise of their First Amendment privileges, and, therefore, that Section 1985(3) should apply. The Court does not agree. The mere allegation that Professor Heyn was discriminated against does not of itself make Section 1985(3) applicable. The courts have consistently "[r]ejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3). 'A conspiracy claim based upon

---

4. See p. 88, Plaintiff's deposition of April 25, 1975, wherein Plaintiff, when questioned about bringing suit, stated:

"I have waited a long time, ten years, to decide to do it, when all the channels were exhausted."

§ 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination . . .'" *Robinson v. McCorkle*, 462 F.2d 111, 113 (C.A.3, 1972). See also, *Byrd v. Local Union # 24, IBEW*, 375 F.Supp. 545, 552 (D.Md., 1974). Furthermore, the requisite invidiously discriminatory intent must be shown to be class-based. *O'Neill v. Grayson County War Memorial Hospital*, 472 F.2d 1140 (C.A.6, 1973).

As the Fifth Circuit succinctly stated in *Westberry v. Gilman Paper Company*, 507 F.2d 206, 210 (C.A.5, 1975); reh. en banc granted, March 18, 1975; opinion withdrawn, May 23, 1975 (based on mootness):

> "Plaintiff's 1985(3) action cannot be sustained under the Griffin Court's Thirteenth Amendment rationale. The aim of the amendment is to provide protection for racial groups which have historically been oppressed, *Jones v. Mayer*, 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 or those chafing under the hands of involuntary servitude. *Clyatt v. United States*, 1905, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726. Plaintiff is neither in a racially oppressed group nor serving involuntarily."

See also *Dombrowski v. Dowling*, 459 F.2d 190, 196 (C.A.7, 1972); *Jones v. Bales*, 58 F.R.D. 453, 457–58 (N.D.Ga., 1972), aff'd 480 F.2d 805 (C.A.5, 1973); *Furumoto v. Lyman*, 362 F.Supp. 1267 (N.D.Cal., 1973). The Civil Rights Act of 1871 was not designed to furnish relief for every injury.[5] As stated, Plaintiff has failed to demonstrate the class-based animus necessary to maintain this action. Additionally, Plaintiff has failed to establish a class which is a proper beneficiary of the protections conferred by Section 1985. He is neither a member of a racially oppressed group, nor is he a member of a group serving involuntarily. For this reason, Plaintiff has failed to state a claim under Section 1985(3).

**5.** There can be no doubt that personal dislike is a strong factor in this case, but personal dislike is insufficient to permit recovery under Section 1985(3).

**1.** La. Civil Code Art. 3536.

### III. JUDGMENT

Therefore, IT IS HEREBY ORDERED that judgment be entered accordingly.

### SUPPLEMENTAL MEMORANDUM AND ORDER

Plaintiff filed suit in July, 1973, alleging certain violations by Defendants of his civil rights under Title 42 United States Code Sections 1983 and 1985(3). Defendants filed motions to dismiss and for summary judgment, which motions were argued, taken under advisement, and finally granted. On June 4, 1976 a judgment dismissing Plaintiff's action was entered. Subsequently, Plaintiff filed a motion to reconsider, alter, amend, vacate, and satisfy judgment. This motion was argued July 7, 1976 and taken under advisement.

After having carefully reviewed the extensive memoranda submitted by the parties, it is the opinion of the Court that, for the following reasons, the motion should be denied.

Plaintiff's motion challenges the granting of Defendants' motion for summary judgment, and the granting of the motion to dismiss the Section 1983 claim. Plaintiff does not attack the dismissal of his Section 1985(3) claim.

Plaintiff's underlying contentions are two-fold. First, Plaintiff argues that the so-called "catch all" statute of limitations[1] should be applied, as opposed to the statute of limitations Louisiana courts have applied to delictual claims; secondly, Plaintiff argues that, if his claim does indeed sound in tort, the actions taken by Defendants span a period of ten years, and because Defendants have persisted in their course of wrongful action during that time and to the present,[2] the "tort" is continuous in nature and therefore the cause of action has not prescribed. However, Plaintiff has cited no

**2.** Although it is doubtful whether actions of the defendants which took place subsequent to the filing of this suit are relevant, the question is mooted by the Court's decision.

authority supportive of his contentions which was not previously argued to the Court on the motions to dismiss and for summary judgment. Recent decisions by the United States Supreme Court [3] and the United States Court of Appeals for the Fifth Circuit [4] lend further support to the Court's position. The motion for a new trial is, therefore, DENIED.

**3.** *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128; *Bishop v. Wood*, —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684.

**4.** *Watkins v. Scott Paper Company*, 530 F.2d 1159 (C.A.5, 1976).