Sylvia WARE, Plaintiff,

v.

COLONIAL PROVISION COMPANY, INC., Defendant.

Civ. A. No. 74–4955–W.

United States District Court, D. Massachusetts.

Oct. 27, 1978.

Gary A. Blau, Kantrovitz & Kantrovitz, Boston, Mass., for plaintiff.

Marc Redlich, Widett, Widett, Slater & Goldman, P. C., Boston, Mass., for defendant.

## OPINION

WYZANSKI, District Judge.

Pursuant to Rule 12(c) Fed.R.Civ.P., defendant moves for judgment on the ground that plaintiff's 42 U.S.C. § 1981 claim was not made within the time limitation provided for tort actions by Mass.G.L. c. 260 § 2A. Plaintiff contends that the applicable time limitation is that provided for contract actions by Mass.G.L. c. 260 § 2.

Plaintiff, a black citizen of Roxbury, Massachusetts, complains that defendant, Colonial Provision Company, Inc., in violation of 42 U.S.C. § 1981, racially discriminated against her (1) in not hiring her as a meat packer from April 3, 1970 until September 21, 1970, (2) in laying her off on October 23, 1970 after having hired her on September 21, 1970, and (3) in terminating her employment on March 29, 1971.

It is settled by *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) that 42 U.S.C. § 1981 "affords a federal remedy against discrimination in private employment on the basis of race" (pp. 459–460, 95 S.Ct. p. 1720), and that "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law" (p. 462, 95 S.Ct. p. 1721).

In determining what is the "most appropriate" statute of limitations provided by state law, there are four subordinate questions to consider: what is the nature of a § 1981 action, what are the state statutes of limitations, what is the coverage of each, and which is the most appropriate. The first question arises not only in deciding which state statute of limitations covers actions like one based on § 1981, but also in deciding whether, as construed, that state statute is most appropriate for a § 1981 action. Federal law governs the first question. State law governs the second and third questions, although if the state courts have not made a relevant interpretation of their own statutes, the federal court may be called upon to decide what, as a matter of state law, is the coverage of a state statute of limitations. *Runyon v. McCrary*, 427 U.S. 160, 180–182, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). The fourth question (whether the state law, as properly construed, is appropriate) is ultimately governed by federal law. *Johnson v. Railway Express Agency, supra*, 421 U.S. p. 462, n.7, 95 S.Ct. 1716.

With respect to the nature of a § 1981 action, there is a sharp split of authority. The Courts of Appeals for the Fourth, Fifth, and Sixth Circuits as well as the District Court of Rhode Island have held that it is a tort action. *Patterson v. American Tobacco Co.*, 535 F.2d 257, 275 (4th Cir., 1976), *Ingram v. Steven Robert Corp.*, 547 F.2d 1260, 1263 (5th Cir., 1977), *Buckner v. Goodyear Tire & Rubber Corp.*, 476 F.2d 1287 (5th Cir., 1973), *Marlowe v. Fisher Body*, 489 F.2d 1057, 1063 (6th Cir., 1973), and *Partin v. St. Johnsbury Co., Inc.*, 447 F.Supp. 1297, 1301 (D.R.I., 1978). The Court of Appeals for the Eighth Circuit, two judges of this District Court of Massachusetts, and other district courts have held that it is a contract action. *Allen v. Amalgamated Transit Union*, 554 F.2d 876, 880 (8th Cir., 1977), *Williams v. Massachusetts General Hospital*, 449 F.Supp. 55, 57 (D.Mass.1978) (per Caffrey, C. J.), *Sims v. Order of United Commercial Travelers of America*, 343 F.Supp. 112, 115 (D.Mass., 1972) (per Garrity, J.). The cases decided by the Massachusetts District Court, to which as a member of that court I would normally defer, are drained of much of their persuasiveness because to such a large extent they rest upon a dictum in *Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011, 1017 n.16 (5th Cir., 1971), a case which has been repudiated in its own circuit by *Buckner v. Goodyear Tire & Rubber Corp.*, and *Ingram v. Steven Robert Corp., supra* ).

■ For the following reasons we follow the line of cases first cited, which hold that the action is *ex delicto* :

1. They are consistent with the rationale of *Curtis v. Loether*, 415 U.S. 189, 195–196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) holding that a damages cause of action under § 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612 sounds basically in tort because "an action to redress racial discrimination may . . . be likened to an action for defamation or intentional infliction of mental distress"—*Ibid*, note 10 at p. 196, lines 3–4, 94 S.Ct. at p. 1009.

2. They are in accord with the repeated views of the Court of Appeals for this circuit that causes of action under 42 U.S.C. § 1983 sound in tort because "Traditionally, civil rights actions have been considered to state a cause of action lying in tort, rather than contract" because "The duties of conduct which give rise to [tort actions] are imposed by the law, and are based primarily upon social policy", *Graffals Gonzalez v. Garcia Santiago*, 550 F.2d 687, 688 (1st Cir., 1977). Subsequent Court of Appeals cases to the same effect are cited and followed in *Pinero Schroeder v. Federal National Mortgage Association*, 574 F.2d 1117, 1118 (1st Cir., 1978). See also Judge Tauro's decision in *Holden v. Boston Housing Authority*, 400 F.Supp. 399, 401 (D.Mass., 1975).

3. In a private action based on defendant's alleged violation of § 1981, plaintiff's right and defendant's duty are both founded primarily on an Act of Congress enacted pursuant to its powers under the Thirteenth and Fourteenth Amendments and other parts of the Constitution. In that § 1981 action neither the right nor the duty arises from an express promise made by either party or from a promise implied by law because of a benefit received or a detriment suffered. To be sure, if defendant by discriminatory action or inaction in connection with a contract injured plaintiff he may have a common law action for breach of contract. However, such possible common law action is irrelevant to a § 1981 action. The § 1981 action is founded on a statute which, as its references to rights to sue, to give evidence, and the like plainly indicate, has as its object not the enforcement of contractual obligations but the recognition or creation and protection of a civic or social right of equality of opportunity of persons regardless of race. Put another way, § 1981 recognizes or creates and protects for persons resident in the United States a status of racial equality in making and enforcing contracts, and impliedly imposes on all persons a duty not to interfere by racial discrimination with that status. An action alleging that defendant's breach of that duty caused injury to plaintiff's enjoyment of that status sounds in tort

because plaintiff's right and defendant's duty are based on a statute embodying a social policy of equality of opportunity among persons of different color, rather than embodying a policy with respect to express or implied promises of the parties. If this paragraph correctly analyzes the nature of the interests protected by § 1981, then the conclusion that the § 1981 action sounds in tort is fully supported by the following passage from Prosser, *Law of Torts*, (4th ed., 1971) § 92 at 613:

> The fundamental difference between tort and contract lies in the nature of the interest protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law and are based primarily upon social policy and not necessarily upon the will or intention of the parties . . . Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of the parties manifesting consent, and are owed only to specific individuals named in the contract.

Having concluded that, as a matter of federal law, § 1981 sounds in tort we think it plain that the appropriate period of limitation should be borrowed from the Massachusetts tort statute of limitations, Mass.G.L. c. 260, 2A which at the relevant time provided:

> § 2A . . . . Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within two years next after the cause of action accrues.

The statute on its face applies to all tort actions. So far as we are aware, no state court decision suggests that the statute is inappropriate for an action alleging racial discrimination in making or enforcing contracts. Certainly no decision called to our attention supports plaintiff's contention that for such an action it would be more appropriate to borrow either of the two statutes of limitations governing contracts,

Mass.G.L. c. 260 § 1, Fourth, and Mass.G.L. c. 260 § 2 which provide:

> § 1 . . . . The following actions shall be commenced only within twenty years next after the cause of action accrues: . . . .
>
> Fourth, Actions upon contracts not limited by the following section or by any other law.
>
> § 2 . . . . Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.

Finally, and what seems to us of greatest significance, the Court of Appeals for this circuit has held that in determining the period for federal civil rights actions under 42 U.S.C. §§ 1983 and 1985(3) which are cognate to 42 U.S.C. § 1981, the most appropriate Massachusetts statute to borrow is the tort statute of limitations, Mass. G.L. c. 260 § 2A. *Kadar Corp. v. Milbury*, 549 F.2d 230, 234, first full paragraph (1st Cir., 1977). That holding of the Court of Appeals is one to which we are bound to defer, absent any contrary state court decision. *Runyon v. McCrary*, 427 U.S. 160, 181–182, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Nor do we see any reason not to apply its rationale to § 1981.

Inasmuch as the complaint was not filed within the then applicable period prescribed by Mass.G.L. c. 260 § 2A for a tort action, it must be dismissed with prejudice.

*Complaint dismissed with prejudice. Judgment for defendant.*