**Douglas GATES, etc., Plaintiff,**

v.

**Michael MONTALBANO, Defendant.**

**No. 82 C 1269.**

United States District Court,
N.D. Illinois, E.D.

Jan. 10, 1983.

1. As Opinion I pointed out, 550 F.Supp. at 82, Administrator Gates had not complied with the briefing schedule set by this Court on Montal-

Janette C. Wilson, Wilson, Howard, P.C., Chicago, Ill., for plaintiff.

William W. Kurnik, Judge, Kurnik & Knight, Ltd., Park Ridge, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Douglas Gates ("Administrator Gates"), Administrator of the Estate of Waymon Gates ("Gates"), initially sued several defendants under 42 U.S.C. §§ 1983 and 1985, claiming the fatal shooting of Gates by City of Dwight Police Officer Michael Montalbano ("Montalbano") was without probable cause and a violation of Gates's constitutional rights. After the other defendants had been dismissed for other reasons, Montalbano moved to dismiss the complaint (filed some three years after the cause of action accrued) on limitations grounds. In *Gates v. Montalbano,* 550 F.Supp. 81 (N.D. Ill.1982) ("Opinion I") this Court dismissed the wrongful death claim of Gates's next of kin but denied dismissal as to Gates's own claim (which had survived his death and devolved upon Administrator Gates).

Administrator Gates has now moved for reconsideration of Opinion I's dismissal of the wrongful death claim.[1] For the reasons stated in this memorandum opinion and order, his motion is denied.

### Opinion I

Opinion I found *Beard v. Robinson,* 563 F.2d 331, 334–38 (7th Cir.1977) dispositive as to Gates's own civil rights claim. *Beard*

bano's motion, so that the Court had to review the legal questions on its own. Apparently neither Montalbano's motion nor notice of the Court's order was received by Administrator Gates's counsel, who had moved offices since filing this action.

taught such a claim (1) survived Gates's death and (2) was subject to the catchall five-year limitation period established by Ill.Rev.Stat. ch. 83, § 16 ("Section 16") rather than the two-year period specified for analogous tort actions in Ill.Rev.Stat. ch. 83, § 15.[2]

As for the wrongful death claim, however, Opinion I concluded failure to file the complaint within the two years specified in the Illinois Wrongful Death Act (the "Act," Ill.Rev.Stat. ch. 70, §§ 1–2) was fatal. Opinion I reasoned (1) Illinois law made the two-year period a *condition* to the right to sue, rather than a mere statute of limitations, and (2) that condition applied to a corresponding federal civil rights action because "Illinois law is not 'generally ... inhospitable to survival of § 1983 actions.' Nor does application of the Wrongful Death Act have any 'independent adverse effect on the policies underlying § 1983.'" 550 F.Supp. at 83 (quoting *Robertson v. Wegmann,* 436 U.S. 584, 594, 98 S.Ct. 1991, 1997, 56 L.Ed.2d 554 (1978)).

### *Reconsideration*[3]

For the most part Administrator Gates's memorandum is a hodgepodge of unrelated—and irrelevant—Illinois case law dealing with aspects of the Act other than its two-year condition on filing suit. Only one arguably relevant contention seems to emerge from the confusing presentation. It appears to hinge on two propositions:

  1. One recent Illinois Supreme Court decision has departed (albeit for limited purposes) from the consistent line of authority treating the two-year period as a limitation on the very existence of the statutory right rather than a typical statute of limitations. *See Wilbon v. D.F. Bast Co., Inc.,* 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784 (1978).[4]

  2. In accordance with *Beard's* rejection (563 F.2d at 337) of "the often strained process of characterizing civil rights claims as common law torts" for purposes of selecting a limitation period, civil rights claims of wrongful death are also subject to Section 16's general five-year limitation period and not the two-year period imposed by the Act itself.

Because the argument clearly fails on its second premise, the first need not be explored.

As *Beard* made clear (563 F.2d at 334), "the applicable limitations period is that which a court of the State where federal court sits would apply had the action been brought there." But in *Beard* no state limitations period was specifically applicable to the civil rights claim at issue—a claim that, as Opinion I pointed out (550 F.Supp. at 82), was remarkably similar to the survived claim of Gates himself. Thus *Beard* had to choose between the two-year limitation period for personal torts (applicable only by analogy) and Section 16's catchall five-year period (applicable by virtue of its residual nature).[5] Not surprisingly policy considerations (such as the greater severity of constitutional deprivations vis-a-vis common law torts and the desirability of applying a uni-

---

**2.** *Beard* recognized (563 F.2d at 333–34) the survivability of, and the applicable limitations period for, federal civil rights actions turn on state law so long as it is "not inconsistent with the Constitution and laws of the United States," 42 U.S.C. § 1988.

**3.** Montalbano did not move for reconsideration of Opinion I's refusal to dismiss Gates's own survived claim. Nonetheless, in responding to Administrator Gates's current motion Montalbano takes issue with that aspect of Opinion I, claiming that under *Kent v. Muscarello,* 9 Ill. App.3d 738, 293 N.E.2d 6 (2d Dist.1973) a police officer is not an "officer" within the meaning of Illinois' Survival Act. Suffice it to say that *Beard* (563 F.2d at 334) forecloses such reliance on *Kent* as a matter of law, for it reads

*Kent* and other Illinois cases as making the "officer" question one of fact.

**4.** Administrator Gates's memorandum seems to suggest at least some of Gates's next of kin were minors (though in this respect as in all others it is difficult to understand just what is being advanced). If so the 1977 amendment to Act § 2 (enacted in response to the Illinois Appellate Court's opinion in *Wilbon,* before its reversal by the Supreme Court) would be directly applicable to claims on their behalf.

**5.** In a broad sense Section 16 *was* directly applicable, for it expressly governs "all civil actions not otherwise provided for"—a residual category defined by the courts as embracing causes of action created by statute. *Beard,* 563 F.2d at 335.

**710**

form statute of limitations) occasioned *Beard's* selection of Section 16.

By contrast, this Court need not resort to analogies or policy analysis to determine the appropriate statute of limitations in this case. If the two-year period prescribed by the Act is indeed a statute of limitations, it specifically applies here.[6] Administrator Gates is suing under Section 1983 for death caused by a "wrongful act, neglect or default"—the precise claim defined by the Act.[7] Thus whichever way the Act's two-year restriction is characterized, the wrongful death claim asserted by Administrator Gates is time-barred. *See Blake v. Katter,* 693 F.2d 677, at 680 (7th Cir.1982) (applying a specifically applicable statute of limitations to a civil rights claim—"we need not resort to analogies to determine which is the most appropriate statute of limitations").

*Conclusion*

Administrator Gates's motion for reconsideration is denied.

---

6. Under such circumstances Section 16, which encompasses statutory causes of action "not otherwise provided for," is inapplicable by its own terms.

7. Thus the application of the Act's limitation period is *direct.* It does not depend on any analogy to common law torts.