CLYDE ROBERSON *et al.*, Plaintiffs-Appellants, *v.* ROBERT F. TAYLOR, M.D., *et al.*, Defendants-Appellees.

Second District No. 82—487

■■■

Opinion filed June 21, 1983.

■■■

Gregory E. Barrett, of Schlueter, Eklund, Olson & Barrett, of Rockford, for appellants.

Frederic T. Brandt, of Brassfield, Cowan & Howard, of Rockford, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Clyde Roberson and Louise Roberson, his wife, filed suit against the defendants Robert F. Taylor, M.D., and Rockford Clinic Ltd., a corporation. Count I, for breach of contract, charged that on December 2, 1971, the doctor performed an elective bilateral vasectomy upon Clyde Roberson at the Rockford Clinic after allegedly being assured that as the result of the operation Roberson would become sterile and be unable to conceive children, and that his wife became pregnant in June of 1980 and gave birth to twins on December 28, 1980. Count II sounded in tort.

The complaint was dismissed on the motion of the defendants, who claimed the defense of the four-year statute of limitations for actions for damages for injury against physicians and hospitals. (Ill. Rev. Stat. 1981, ch. 83, par. 22.1.) Plaintiffs appeal. They contend that the statute does not apply or, alternatively, that it is unconstitutional if applied.

Section 21.1 of the Limitations Act provides as pertinent:

"No action for damages for injury or death against any physi-

cian, dentist or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death ***." Ill. Rev. Stat. 1981, ch. 83, par. 22.1.

■ The complaint was concededly filed more than four years following the sterilization process. Plaintiffs assert, however, that the statute is not applicable since the subject action is not an "action for damages for injury or death" as provided in the quoted section. They contend that the complaint does not seek damages for personal injuries, but rather for economic losses resulting from defendants' failure to properly perform their contractual and medical obligations. Accordingly, they urge that the applicable statute of limitations would be section 15 of the Limitations Act relating to "actions on unwritten contracts, express or implied," and "all civil actions not otherwise provided for," which sets forth a five-year limitation period after the cause of action has accrued. (Ill. Rev. Stat. 1981, ch. 83, par. 16, recodified as Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) Section 21.1, which refers to actions either in tort or contract, has been held to unambiguously apply to all medical and malpractice claims against physicians and hospitals. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 235.) Since a claim for wrongful birth is treated as an action for medical malpractice (*Cockrum v. Baumgartner* (1983), 95 Ill. 2d 193, 194), the statute applies here. Further, although plaintiffs argue that they are seeking damages for economic loss rather than for personal injuries, it has been held that the statute would still apply. *Burgdorff v. Siqueira* (1982), 109 Ill. App. 3d 493, 495.

Plaintiffs' reliance on *Doerr v. Villate* (1966), 74 Ill. App. 2d 332, 337, is misplaced. The decision in *Doerr* was rendered long before the legislature enacted section 21.1 of the Limitations Act which became effective, as amended, on September 19, 1976.

■ Plaintiffs further argue that the trial court erred in deciding that the provisions of the section in question are constitutional as applied in this case. They argue that the effect would be to bar their action even before the cause of action had come into existence since

no cause of action existed in their favor in this case until the pregnancy and/or birth, which were well after four years from the date of the vasectomy. They argue that to deny a remedy before a wrong has even occurred violates due process as well as article 1, section 12 of the Constitution of Illinois of 1970 providing "a certain remedy *** for all injuries and wrongs ***."

Defendants contend that this argument was not advanced by plaintiffs in the trial court and that they are therefore precluded from raising it on appeal. (See *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 11; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.) However, there is a reference in the trial court record of plaintiffs' counsel's statement in argument on the motion to dismiss that "there are some significant, I think Constitutional questions, due process questions." On appeal plaintiffs state that they do not intend to relitigate the principles set forth in *Anderson v. Wagner* (1979), 79 Ill. 2d 295. They concede that *Anderson* stands for the proposition that the provisions of section 21.1 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 22.1) "are not unconstitutional because they have the effect of barring a cause of action prior to the time that the plaintiff could have discovered it." In any event, an argument based upon article I, section 12 of the Illinois Constitution of 1970 is unavailing (*Isaacs v. Michael Reese Hospital & Medical Center* (1981), 101 Ill. App. 3d 876, 877), as it has also been so addressed in *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311.

The plaintiffs' cause of action existed from the time of the alleged malpractice, which would constitute a breach of contract and negligence. That Louise Roberson became pregnant in 1980 would support a finding that plaintiffs could not have discovered the alleged malpractice until then, and that the cause of action might not have accrued until it had been barred by the statute of limitations. See *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 232.

In *Anderson,* although it was not directly ruling upon that case, the Illinois Supreme Court in answering "an unarticulated due process argument, that under section 21.1 it is possible that a person's cause of action may be barred by the 4-year-maximum time limit before he learns of his injury," noted that any statute of limitations will eventually operate to bar a remedy. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311.) The court also quoted with approval from cases in other jurisdictions holding that a claimant is not denied due process of law where a reasonable period of limitation has barred the claim "without awareness by the claimant that he has been injured." *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 311-12. See also *Scott v.*

*County of Los Angeles* (1977), 73 Cal. App. 3d 476, 483-84, 140 Cal. Rptr. 785, 788-89; *Larcher v. Wanless* (Cal. App. 1976), 128 Cal. Rptr. 493, 496.

In *Moore,* our supreme court held that section 21.1 would not be applied to automatically bar a cause of action based on alleged acts of malpractice occurring over four years before the effective date of the statute. The majority did not decide or consider whether the statute would bar suits if they were filed over four years after the effective date.

■ We hold that section 21.1 bars such suits and that the plaintiffs' complaint was properly dismissed as it was not filed until over four years after the statute of limitations took effect. As Chief Justice Ryan noted in his concurrence in *Moore,* the purpose of the amendment at issue here was to prevent extended exposure to liability in medical malpractice cases. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 240, 243-44 (Ryan, C.J., specially concurring).) The amendment was designed to accomplish this objective by placing a firm outer limit on the time between the last act or omission constituting the alleged malpractice and the filing of the suit, thus cutting off the "long tail" of liability that the discovery rule had previously allowed. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 307-08; *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 229.) This outer limit would enable malpractice insurers to predict future liabilities and alleviate their need to maintain loss reserves past the four-year period. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 307; *Wells Fargo Bank v. Superior Court* (1977), 74 Cal. App. 3d 890, 899, 141 Cal. Rptr. 836, 840.) To enable suits based on malpractice occurring before the effective date of the statute to be filed over four years from the statute's effective date would be inconsistent with these aims. We note that the California Supreme Court has construed a similar amendment to its statute of limitations in a like manner. *Scott v. County of Los Angeles* (1977), 73 Cal. App. 3d 476, 483, 140 Cal. Rptr. 785, 788.

The judgment of the circuit court of Winnebago County dismissing the complaint is therefore affirmed.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.