LONNIE CLARK, Plaintiff-Appellant, v. ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0179

Opinion filed November 13, 1984.—Rehearing denied December 28, 1984.

Verticchio & Verticchio, of Gillespie, and Love, Collins & Bordner, of Lewistown, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield, for appellee Anthony Hawe.

David L. Drake and Richard H. Narup, both of Heckenkamp & Simhauser, P.C., of Springfield, for appellee St. John's Hospital.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Medical malpractice.

But specifically: how to apply the statute of limitations.

We agree with the trial court's interpretation.

We affirm.

Lonnie Clark filed a two-count complaint against St. John's Hospital and Dr. Anthony Hawe, alleging that they negligently failed to remove a needle inserted into his body during aortic surgery on August 24, 1973.

Plaintiff discovered the needle in his body in June 1983 and filed his complaint on August 19, 1983.

Defendants filed motions to dismiss the complaint for the reason that it was filed more than four years after the alleged negligent act and, therefore, the action was barred under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—212).

The trial court allowed the motions and dismissed the complaint with prejudice.

The substance of section 13—212 was originally enacted as section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), which became effective on September 19, 1976. Section 13—212 provides in part:

"No action for damages for injury *** against any physician or hospital *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the injury *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission ***." Ill. Rev Stat. 1981, ch. 110, par. 13—212.

Plaintiff filed his complaint within two years after he discovered his injury. The complaint, however, was filed more than four years after the alleged negligent act. If section 13—212 is applied *retroactively* to this case, the action would be barred because it was filed more than four years after the alleged negligent act. If the section is applied *prospectively*, plaintiff's complaint would have been timely under the prior statute of limitations, which allowed 10 years to commence an action. See Ill. Rev. Stat. 1973, ch. 83, par. 22.1.

The question of the retroactive application of section 21.1 of the Limitations Act was addressed by the supreme court in *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408. The court applied the statute neither strictly retroactively nor strictly prospectively. Rather, a middle ground was adopted, with the court stating:

" '[A]n amendment to a limitation statute shortening the period within which an action must be filed will be applied retroactively to actions not as yet commenced, *provided there is a reasonable time after the effective date of the amendment within which to bring the action.*' " (95 Ill. 2d 223, 230, 447 N.E.2d 408, 410, quoting *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83, 382 N.E.2d 1211, 1213.)

With respect to determining a reasonable time, the court said:

"The period which is scrutinized by the courts for its reasonableness is that time between the statute's effective date and the date on which the preexisting cause of action would be barred under the new statute as applied." *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 233, 447 N.E.2d 408, 412.

In *Moore*, which consolidated three cases, the medical treatment on which the plaintiffs' claims were based occurred more than four years before the effective date of section 21.1. Consequently, the claims were barred upon the section's becoming effective. The court characterized the effect of this retroactive application of section 21.1 as "instantaneously" barring plaintiffs' causes of action, giving plaintiffs no time whatsoever to file their claims after the effective date of section 21.1. Finding that the statute did not give the plaintiffs a rea-

sonable time to file after the effective date, the supreme court remanded to the trial court to determine whether plaintiffs' complaints were filed within a reasonable time.

The result in *Moore* indicates that if the period between the effective date of the new statute and the date plaintiff's cause of action is barred under the new statute does not provide plaintiff with a reasonable time to file his complaint, then a determination must be made as to whether the plaintiff filed his complaint within a reasonable time.

The majority in *Moore* provided no guidelines by which a court could determine whether a complaint was filed within a reasonable time. But Justice Ryan argued in his special concurrence that persons sustaining injuries prior to the effective date of section 21.1 should be allowed four years after the effective date to file their complaint. It was observed that the legislature—in balancing the rights of plaintiffs and defendants—concluded that it was reasonable to require an injured person to discover and commence his action within four years after the occurrence. Reasoning that it would be consistent with this legislative intent to require someone injured *prior* to the effective date of section 21.1 to bring his action within four years of the effective date, Justice Ryan stated:

> "A person who was negligently injured by a medical practitioner one day after the effective date of the 1976 amendment loses his right to file a suit for recovery of his injuries if his suit has not been filed within four years after the occurrence. It is reasonable to require that a person similarly injured one day before the effective date of the 1976 amendment discover his cause of action and file his suit within four years after the effective date of the amendment." *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 243-44, 447 N.E.2d 408, 417.

To our view, Justice Ryan's approach is reasonable, practical, uniform, and certain in application. It has been adopted by the Second District in *Roberson v. Taylor* (1983), 115 Ill. App. 3d 587, 451 N.E.2d 16, and we adopt it here.

██ Having sustained his injury prior to the effective date of section 21.1, plaintiff was required to commence his action by September 19, 1980, four years after the effective date of section 21.1. Plaintiff's complaint was not filed until August 19, 1983, and therefore it was untimely.

██ We are not unmindful that, under this analysis, plaintiff's cause of action was barred before he discovered his injury. But such a result is just as likely to occur to persons injured by negligent acts occurring after September 19, 1976. Consequently, persons sustaining

injury prior to September 19, 1976, are treated no less favorably than persons injured after that date.

■ Our decision today is consistent with the majority opinion in *Moore*. In that case, all of the plaintiffs had filed their complaints within four years after the effective date of section 21.1. Moreover, the majority did not resolve the issue of whether there should be a cutoff date after which the plaintiff's cause of action would be barred even though he had not discovered his injury until after that date. The majority stated:

> "We do not here hold that the 1976 amendment would not apply to any injury sustained after its effective date of September 19, 1976, *no matter when it is discovered.*" (Emphasis added.) (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 233, 447 N.E.2d 408, 412.)

In resolving this issue, we have concluded that, in cases where the negligent act occurred *prior* to the effective date of section 21.1, the complaint must be filed within four years of the effective date.

The judgment of the trial court is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.