Luella WINSTON, Plaintiff,

v.

Thomas E. SANDERS; City of
Bloomington, a Municipal
Corporation, Defendants.

Civ. No. 84–3118.

United States District Court,
C.D. Illinois,
Springfield Division.

June 3, 1985.

Michael A. Barford, Bloomington, Ill., for plaintiff.

Frederick Velde, Heyl, Royster, Voelker & Allen, Springfield, Ill., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, Chief Judge.*

This court is now called upon to decide whether the recent decision of the Supreme Court of the United States in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), is to be applied retroactively in view of the decision in *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977), *cert. denied*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978).

A brief look at the factual and procedural record in this case is in order.

The occurrence complained of in the Plaintiff's complaint here occurred on May 25 and 26, 1980. This complaint was filed purporting to allege a claim for constitutional violation under 42, U.S.C. § 1983, on March 2, 1984. A careful examination of the facial verbal fabric of *Wilson v. Garcia* and *Beard v. Robinson* leads solely to the conclusion that the latter is now inconsistent with the former. If the panel which decided *Beard v. Robinson* in 1977 (including this judge) had been given the benefit of *Wilson v. Garcia*, the result announced in *Beard* would have been contrary. This point was basically conceded by all counsel when this court heard argument on Defendants' motion for judgment on the pleadings in Springfield, Illinois, on May 29, 1985. The question then becomes whether or not the recent decision in *Wilson v. Garcia* should be retroactively applied given the factual and procedural posture of this case.

The most superficial examination of *Beard v. Robinson* will disclose that it plowed new ground as far as the statute of limitations for section 1983 actions were concerned in the State of Illinois. It is also equally clear that the progeny of *Beard v. Robinson* indicates extensive, if not massive, reliance thereon by litigants and lawyers who file such 1983 actions.[1] The cases collected in the footnote here are

---

* Sitting by designation pursuant to 28 U.S.C. § 292.

1. *Kolar v. County of Sangamon of State of Illinois*, 756 F.2d 564 (7th Cir.1985); *Sacks Brothers Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir.1978); *Teague v. Caterpillar Tractor Co.*, 566 F.2d 7 (7th Cir.1977); *Williams v. Fulton County Jail*, 575 F.Supp. 306 (N.D.Ill.1983); *Gates v. Montalbano*, 555 F.Supp. 708 (N.D.Ill. 1983); *Killingham v. Board of Governors of State Colleges and Universities*, 549 F.Supp. 525 (N.D.Ill.1982); *Hampton v. Hanrahan*, 522 F.Supp. 140 (N.D.Ill.1981); *Hermes v. Hein*, 479 F.Supp. 820 (N.D.Ill.1979); *Hurst v. Hederman*, 451 F.Supp. 1354, 1355 (N.D.Ill.1978); *Canada v. United Parcel Service, Inc.*, 446 F.Supp. 1048 (N.D.Ill.1978); *Lawson v. Metropolitan Sanitary District of Greater Chicago*, 102 F.R.D. 783 (N.D. Ill.1983); *Hernandez v. United Fire Insurance Co.*, 79 F.R.D. 419 (N.D.Ill.1978).

certainly indicative of that fact. It is beyond any dispute at all that Justice Stevens, speaking for the majority of the Court in *Wilson v. Garcia,* intended to bring some sense of national uniformity into the process of selecting the appropriate statute of limitations for section 1983 actions since the Reconstruction Congress that enacted the same did not specify a statute of limitations and no Congress subsequent to 1871 has chosen to do so. It is also beyond dispute that with reference to personal injury actions, the State of Illinois now has, and has had for a long period of time, a two-year statute of limitations as now found in Ill.Rev.Stat., ch. 110 § 13–202.

The question of the possible retroactive effect of *Wilson v. Garcia* is nowhere directly addressed in the Justice Stevens' opinion for the Supreme Court in that case. In the Defendants' brief filed May 24, 1985, there is a brief quotation out of context from the most recent Supreme Court decision in *Solem v. Stumes,* 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984), stating the general rule that as a general rule, judicial decisions apply retroactively, and there is some language and reference to a so-called "presumption" to that effect. However, the reasoning and the result in *Solem* is certainly not helpful to the Defendants in this case and, indeed, is not determinative of the issues here presented. *Solem* is in line with the earlier decision of *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), which in effect held that the earlier decision in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was not to be given retroactive effect. In this same vein, the Supreme Court in *Solem* has now decided that the case of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), is not to be given retroactive effect. The language chosen by Justice Stevens in Part II of his dissent in *Solem* 465 U.S. at ——, 104 S.Ct. at 1351 is interesting and perhaps relevant to our discussion here. He there stated:

> The "retroactivity" analysis of today's majority merits separate scrutiny. The

majority makes no attempt to define a "new rule" that gives rise to a retroactivity question, but merely assumes that *Edwards* created one. **Ante,** [465 U.S.] at —— – —— [104 S.Ct. at 1341–1342]. Its reasoning for treating *Edwards* as having created a "new rule" is implicit, however, in its discussion of what it calls the "reliance factor"—the authorities' reliance on the "prior rule." The Court states that the police could not be faulted for failing to anticipate *Edwards,* since prior law could have been understood to permit a case-by-case evaluation of whether a suspect's decision to speak with police despite an earlier invocation of the right to consult with counsel was a knowing, voluntary and intelligent waiver of that right. The majority concludes that *Edwards* can be considered as announcing a new rule because the law prior to *Edwards* was "unsettled," and cites as evidence the fact that some lower courts had disagreed as to the correct interpretation of *Miranda.* *Ante,* at —— [104 S.Ct. at 1344].

This approach to defining a "new rule" for retroactivity purposes is completely unprecedented. The majority concedes that *Edwards* was not a "clear break" with the past, *ante,* [465 U.S.] at —— – —— [104 S.Ct. at 1343–1344] yet that sort of change in the law has normally been required before a retroactivity question is even raised. For example, in *Desist v. United States,* 394 U.S. 244 [89 S.Ct. 1030, 22 L.Ed.2d 248] (1969), the Court wrote: "However clearly our holding in *Katz* [*v. United States,* 389 U.S. 347 [88 S.Ct. 507, 19 L.Ed.2d 576] (1967) ] may have been foreshadowed, it was a clear break with the past, and we are thus compelled to decide whether its application should be limited to the future." *Id.* at 248 [89 S.Ct. at 1033]. The fact that the position ultimately rejected by this Court had been previously accepted in some but not all lower courts has never been sufficient to demonstrate that a new rule has been created. *United States v. Estate of Donnelly,* 397 U.S.

286, 295 [90 S.Ct. 1033, 1038, 25 L.Ed.2d 312] (1970). Until today it had been clear that no retroactivity arises when a decision is based on principles previously announced by this Court, even though there is no precedent squarely on point. *Henderson v. Morgan*, 426 U.S. 637, 651–652 [96 S.Ct. 2253, 2260–2261, 49 L.Ed.2d 108] (1976) (White, J., concurring). That the principles governing the decision in *Edwards* were well recognized before that case was decided is amply demonstrated by the host of cases that had previously condemned the police practices at issue. (footnotes omitted).

The reasoning and the result of neither the majority nor the dissent in *Solem* are determinative of the retroactive application of *Wilson v. Garcia* in the context of this case.

The leading decision on the retroactivity of nonconstitutional, noncriminal decisions is *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1975). In *Huson* the issue presented involved the retroactivity of an earlier decision in *Rodigue v. Aetna Casualty and Surety Company*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). *Rodigue* had held that the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* was not governed by admiralty law. In *Huson* the Supreme Court held that the applicable state statute of limitations must be used under the aforesaid section 1331, but that it would be applied only prospectively. In arriving at this decision, the Supreme Court set out three factors to be considered in deciding whether a statute of limitations should be retroactive. Briefly and summarily stated, those three factors are as follows:

1. The decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

2. The merits and demerits in each case must be weighed and examined by looking at the prior history of the rule in question, its purpose and effect, and whether the retrospective operation will further or retard its operation.

3. An examination into the possible inequity imposed by retroactive application must be examined.

An excellent example of how a district judge should go about applying the *Huson* principles is found in *Hambrick v. Royal Sonesta Hotel*, 403 F.Supp. 943 (E.D.La. 1975). The approach of Chief Judge Heebe in *Hambrick* is most helpful to the examination that this court must make and is consistent with the standards most recently announced by our court of appeals in *Snyder v. Smith*, 736 F.2d 409 (7th Cir.1984) at 414.

In examining the record in this case in light of the *Huson* standards, there can be no doubt whatsoever that *Wilson v. Garcia* is patently inconsistent with *Beard v. Robinson*, and that *Wilson v. Garcia* announces a new principle of law in a nonconstitutional, noncriminal context. It is equally clear that there is nothing in the prior decisions of the Supreme Court of the United States to forewarn lawyers and litigants in the State of Illinois that the basic decision in *Beard v. Robinson* would be undermined. This conclusion is added to, but not dependent upon, the fact that certiorari was denied by the Supreme Court of the United States in *Beard v. Robinson.*

There can be little doubt, as indicated by the cases collected in the footnote of this opinion, that lawyers and litigants relied heavily upon the 1977 announcement in *Beard v. Robinson.* Thus, the history from *Beard v. Robinson* in 1977 to *Wilson v. Garcia* in 1985 leans very heavily against the retroactive application of *Wilson v. Garcia* and toward its prospective application only. These same values are involved in the third prong of *Huson* in that it would be highly inequitable, given the purposes and values that inhere in section 1983 to retroactively apply this most recent pronouncement by the Supreme Court of the United States. It is correct that the Plaintiff has the basic burden of establishing that the *Wilson* decision was

intended by the Court to be applied prospectively.

As indicated at oral argument, this court expressed some concerns with regard to the recent decision in *Landahl v. PPG Industries, Inc.*, 746 F.2d 1312 (7th Cir.1984), wherein it was decided that *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively. An extensive colliquy was held between both counsel and the court in an attempt to carefully analyze Judge Swygert's analysis in *Landahl*. *DelCostello* involved the applicable statute of limitations in employment discharge cases under section 301 of 29 U.S.C. § 185, and held that the appropriate statute of limitation to be that in section 10(b) of the Act, namely, 29 U.S.C. § 160(b). In *Landahl* the court engaged in a careful *Huson* analysis. In that case there were two prior cases in which the issue decided by *DelCostello* had been reserved. *DelCostello* was found not to be a resolution of conflict between the circuits but conflicts in and among the circuits regarding the appropriate statute. In other words, *DelCostello* was not a break with the past but merely a clarification of existing statutory law. The court also noted that the Supreme Court of the United States had foreshadowed and warned of the *DelCostello* result in the recent decision of *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The factual and procedure context of *Landahl* is distinguishable from that in this case, and *Landahl* does not compel a result contrary to that announced here. One of the critical factors announced in the *Wilson v. Garcia* opinion was the importance and the nature of the 1983 remedy itself. Given the *Huson* analysis, it is quite clear that to retroactively apply *Wilson v. Garcia* would retard rather than to support the values that inhere in that remedy.

As previously indicated, the equities very strongly lean in favor of this Plaintiff and against her removal from the courthouse by a retroactive application of *Wilson v. Garcia.* The reasoning and result of *Wachovia Bank and Trust Company, N.A. v. National Student Marketing Corporation*, 650 F.2d 342 (D.C.Cir.1980), supports this conclusion. The issue here presented has now been carefully briefed and orally argued, and this court reaches the conclusion that it would be most inappropriate to retroactively apply *Wilson v. Garcia* in this case to foreclose this Plaintiff from her day in court in regard to her complaint under § 1983.

Therefore, the Defendants' motion for judgment on the pleadings filed May 1, 1985, is denied.