Verdie BAILEY, Administratrix of the estate of George Bailey, Plaintiff,

v.

STATE OF ILLINOIS, D.A. Cobb, U. Price, E. Franklin, D. Scott, and D. Rosen, Defendants.

No. 85 C 4114.

United States District Court, N.D. Illinois, E.D.

Sept. 11, 1985.

Michael E. Deutsch, Janine Hoft, People's Law Office, Chicago, Ill., for plaintiff.

James Anthony Coghlan, Moshe Jacobius, Asst. Atty. Gen., State of Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

In this action under 42 U.S.C. § 1983, plaintiff Verdie Bailey, as administratrix of the estate of her son George Bailey, seeks damages for the deliberate indifference of prison guards D.A. Cobb, E. Franklin, D. Scott, U. Price, and David Rosen in allowing George Bailey, a prisoner incarcerated at Stateville, to be attacked and killed by a fellow inmate. The State of Illinois is joined as a defendant solely for the purpose of awarding attorneys' fees. The matter is currently before the court on the motion of

defendants to dismiss for failure to state a claim. For the reasons set forth herein, the motion is granted in part, and denied in part.

## Facts

The events underlying this suit took place in June of 1981. On June 12, 1981, Stateville inmate Fred "Bobo" Collins, a member of the Black Gangster Disciples, attacked rival gang member George Bailey without provocation. Collins was sentenced to thirty days in disciplinary segregation, and pledged revenge against Bailey upon his release. According to plaintiff's complaint, defendants knew of the threat and knew of the animosity between the two gangs.

Collins was released fifteen days early by order of defendant Scott and was placed in the same cellblock area where Bailey was housed. Collins was permitted to be out of his cell after normal lock-up time, during which time he plotted with fellow gang members to attack Bailey. Defendants did nothing to prevent the attack. On the evening of June 29, 1981, Collins got hold of a steel bat, which had been kept in a nearby cell in violation of security rules for over five months. Collins attacked George Bailey and struck him repeatedly in the head with the bat, causing his death. Defendants failed to provide emergency assistance to Bailey after the attack.

## Adequacy of State Law Remedies

■ As so frequently occurs in section 1983 actions, regardless of the underlying claim, defendants argue that plaintiff's action is barred under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In that case, the Supreme Court held that the random and unauthorized deprivation of property by state officials did not state a claim for a deprivation of property without due process absent allegations that post-deprivation state remedies were constitutionally inadequate. Since Illinois provides an established tort claims procedure for filing a wrongful death claim against the state, defendants argue that plaintiff's complaint fails to state a claim

for constitutional relief cognizable under § 1983.

This argument may be disposed of summarily. The Supreme Court recently applied *Parratt* to intentional deprivations of property, *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and this court has recently applied the same to liberty deprivations, *LeCuyer v. Weidenbach*, 613 F.Supp. 509 (N.D.Ill.1985). It is well established, however, that *Parratt* applies only to claims of procedural due process and does not eliminate § 1983 claims for violations of substantive constitutional guarantees. *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871–72 (7th Cir.1983). Plaintiff alleges that her son's death was caused by the deliberate indifference of defendants in responding to his safety and his medical needs. Such a claim arises under the eighth amendment as applied against the states through the fourteenth amendment, and is not controlled by *Parratt*. *See Jackson v. City of Joliet*, 715 F.2d 1200, 1204 (7th Cir.1983), *cert. denied*, 465 U.S. 1049, 104 S.Ct. 1325, 79 L.Ed.2d 720 (1984) (dictum stating that jailers may be liable for deliberate indifference in condoning prisoner assaults under § 1983). Thus, while plaintiff states no claim for a denial of procedural due process, *Parratt* does not bar her federal suit.

## Eleventh Amendment

■ The eleventh amendment forbids suits for monetary damages or other retroactive relief to be brought against a state in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 666–67, 94 S.Ct. 1347, 1357, 39 L.Ed.2d 662 (1974). It is well settled, however, that the eleventh amendment does not bar federal tort actions under § 1983 for money damages against officials sued in their individual capacities. *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). This rule is based on

the theory that a state official who acts unconstitutionally is "stripped of his official or representative character and is subjected *in his person* to the consequences of his individual conduct." *Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908) (emphasis supplied by *Scheuer* Court, 416 U.S. at 237, 94 S.Ct. at 1686). *See generally Kolpak v. Bell,* 619 F.Supp. 359, 370–373 (N.D.Ill.1985) (Getzendanner, J.).

Defendants suggest that the Supreme Court's recent decision in *Pennhurst* requires the present suit to be brought in state court. This argument is misguided. The Court in *Pennhurst* held that a federal suit against state officials founded in state law violates the eleventh amendment where the requested relief would operate directly against the state. In this respect, it is relevant to note that the plaintiffs in *Pennhurst* sought a federal court injunction to require state officials to comply with state law. 104 S.Ct. at 903–06. The Court observed that while the fiction of *Ex parte Young* permits actions for prospective injunctive relief to be brought against state officers in their official capacity, that fiction is unavailable where the claim rests on a violation of state rather than federal law. *Id.* at 911. The circuits which have addressed the issue have unanimously concluded that *Pennhurst* does not bar federal court suits against state officials in their individual capacities, for the simple reason that the relief in such cases does not operate directly against the state. *See Spruytte v. Walters,* 753 F.2d 498, 512–513 (6th Cir.1985); *Demery v. Kupperman,* 735 F.2d 1139, 1150 (9th Cir.1984), *cert. denied,* ── U.S. ──, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985).

■ Defendants argue that any judgment in the present case would operate against the state by virtue of Ill.Rev.Stat., ch. 127, ¶ 1302, under which Illinois indemnifies its employees for liability imposed in cases such as this one. A money judgment against state officials is barred by the eleventh amendment, only if the relief requested would necessarily "expend itself on the public treasury." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). That the state voluntarily chooses to indemnify its employees does not convert a judgment against individual state officers into one against the state. Otherwise, a state could manufacture immunity for its employees by agreeing to indemnify them. *See Spruytte,* 753 F.2d at 512 n. 6; *Demery,* 735 F.2d at 1146–47; *Terry v. Burke,* 589 F.Supp. 853, 856 (N.D.Ill.1984); *McAdoo v. Lane,* 564 F.Supp. 1215, 1217–20 (N.D.Ill.1983); *Kolpak,* at 372.

■ In the present case, plaintiff has sued defendants Cobb, Franklin, Scott, Price and Rosen in both their official and individual capacities. Unlike money judgments against state officials in their personal capacities, actions against these defendants in their official capacities is barred because any monetary relief would necessarily be paid from public funds. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In the recent decisions of *Brandon v. Holt,* 105 S.Ct. 873 (1985), and *Kentucky v. Graham,* ── U.S. ──, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the Supreme Court made clear that a judgment against a public servant in his official capacity imposes liability on the entity that he represents. *Graham,* 105 S.Ct. at 3105; *Brandon,* 105 S.Ct. at 878. Therefore, when public officers are sued in their official capacities, they have available to them any defenses of "sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Graham,* 105 S.Ct. at 3106. Under these principles, plaintiff's claims against defendants in their official capacities are barred by the eleventh amendment.

■ *Graham* also makes clear that the State of Illinois may not properly be joined for purpose of a potential attorney's fees determination. In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that the eleventh amendment does not bar attorney's fee awards under 42 U.S.C. § 1988 where state officials have been successfully sued in their official capacity. As ex-

plained in *Graham*, this holding was bottomed on the realization that suits properly brought against state agents in their official capacity are indistinguishable from suits against the state itself. *Hutto* was thus not intended to alter the basic philosophy of § 1988, under which fee and merits liability run together. 105 S.Ct. at 3108. *Graham* therefore held that § 1988 does not authorize attorney's fee awards against the state when its agents are sued in their personal capacities only. The authority on which plaintiff relies, *Glover v. Alabama Department of Corrections*, 734 F.2d 691 (11th Cir.1984), *petition for cert. filed*, — U.S. —, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985), squarely contradicts the Supreme Court's subsequent decision in *Graham*, and will not be followed. The State of Illinois must be dismissed as a named party defendant, and the action will be treated as one against the individual defendants in their personal capacities only.

### Statute of Limitations

■ Plaintiff's complaint was filed on April 23, 1985, approximately three years and nine months after her claim accrued. Under the law of this circuit in effect up to April 17, 1985, plaintiff's complaint would have been timely. *Beard v. Robinson*, 563 F.2d 331, 336 (7th Cir.1977), *cert. denied*, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978). In *Beard*, the Seventh Circuit held that the applicable limitations period for § 1983 actions brought in this district would be the five year period of Ill.Rev. Stat., ch. 83, § 16, predecessor to Ill.Rev. Stat., ch. 110, § 13–205. The *Beard* Court reasoned that § 1983 actions are statutory claims distinct from common-law torts, and that the two-year Illinois limitations period for personal injury actions would therefore be inapplicable. The rule of *Beard* has been followed consistently in this Circuit since 1977. *Kolar v. County of Sangamon*, 756 F.2d 564, 567 (7th Cir.1985); *Movement for Opportunity and Equality*

*v. General Motors Corp.*, 622 F.2d 1235, 1242 (7th Cir.1980).

On April 17, 1985, however, the Supreme Court held that all § 1983 actions should henceforth be considered closely analogous to personal injury actions for purposes of determining the appropriate state limitations period. *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The parties agree that, after *Wilson*, § 1983 claims in this district must henceforth be governed by the two-year period of Ill.Rev.Stat., ch. 110, § 13–202 instead of the five-year period previously held applicable. Under § 13–202, plaintiff's claim would be untimely. In *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985), my colleague Judge Milton I. Shadur thoughtfully and persuasively argued that the five-year period of § 13–205 still governs § 1983 actions after *Wilson*. Since the parties in this case briefed this motion on the assumption that the two-year period of § 13–202 applies, the court will rule based on that assumption. My decision, however, should not be taken as an affirmative ruling on the appropriate Illinois limitations period for § 1983 suits nor as a disagreement with Judge Shadur's opinion.

Plaintiff argues that the decision in *Garcia*, by "overruling clear past precedent" in this Circuit, should not be retroactively applied so as to defeat her claim. Plaintiff notes that the Tenth Circuit, whose analysis in *Garcia* was affirmed by the Supreme Court, has declined to apply its ruling retroactively, and urges a similar result upon this court. *Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir.1984). At least four district judges in this state have declined to apply *Garcia* retroactively: *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985, Shadur, J.); *Moore v. Floro*, 614 F.Supp. 328 (N.D.Ill. 1985); *Antonelli v. Wahl*, slip op. No. 82 C 3986 (N.D.Ill. May 17, 1985) (Marshall, J.); *Winston v. Sanders*, 610 F.Supp. 176 (C.D. Ill.1985) (Sharp, J.).[1]

---

**1.** Two other circuits have applied *Garcia* retroactively, but their reasoning is inapposite to

cases brought in this circuit. In *Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1253 n. 2 (11th Cir.

The seminal case for analysis of retroactivity problems in this context is *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron,* the Supreme Court refused to apply retroactively its ruling that the Louisiana one-year statute of limitations rather than the admiralty doctrine of laches should govern a claim for personal injuries suffered while working on an offshore drilling rig. The Court noted that cases dealing with the nonretroactivity of new judicial rules have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, courts must consider whether retrospective operation will further or retard the operation of the new rule. Finally, courts must weigh the inequity imposed by retroactive application. 404 U.S. at 106–07, 92 S.Ct. at 355. This approach has consistently been utilized in determining the retrospective operation of new judicial rules concerning aspects in the timeliness of a claim. *See, e.g., Landahl v. PPG Industries, Inc.,* 746 F.2d 1312, 1314–16 (7th Cir.1984).

Applying those factors to the claim in *Huson,* the Supreme Court determined that the rule at issue had overruled a long line of decisions under which the plaintiff's suit would have been timely filed. The Court also found that it would serve no congressional purpose to terminate a lawsuit that had "proceeded through lengthy, and no doubt, costly discovery stages for a year." 404 U.S. at 108, 92 S.Ct. at 356. The Court finally noted that it would produce the most "substantial inequitable results" to

hold that the plaintiff had slept on his rights at a time when he could not have known the time limitations the law would have imposed on him. *Id.*

Plaintiff urges that proper application of these factors to the present case should result in a finding of nonretroactivity. The court agrees that *Garcia* should not be applied retroactively for the reasons set forth in *Moore, Antonelli,* and *Winston.* Unlike those cases, however, the present suit was filed *after,* not *before,* the Supreme Court's decision in *Garcia.* In *Jackson v. City of Bloomfield,* the Tenth Circuit expressly declined to "bar plaintiffs' right to their day in court when their action was timely *under the law in effect at the time their suit was commenced.*" 731 F.2d at 655 (emphasis added). In *Antonelli,* Judge Marshall expressly noted that almost three years had passed since Antonelli had filed his complaint, that motions for summary judgment had been denied, and that neither defendant had previously raised the statute of limitations as an affirmative defense. Similarly, in both *Moore* and *Winston,* judges were asked to apply *Garcia* to a case which had been filed at least several months before the Supreme Court's decision. By contrast, the case at bar was untimely when filed.

Plaintiff has suggested that to apply *Garcia* to the present case would essentially rob her of her day in court despite justifiable reliance on the prior precedent of this Circuit in not filing suit beforehand. Given the concern in *Chevron* over protecting the reliance of litigants on existing limitations rule when they *contemplate* filing suit, 404 U.S. at 106, 92 S.Ct. at 355, this argument is not without merit. In

1985), the Court applied *Garcia* retroactively to reinstate a case which would otherwise have been dismissed. The defendants did not argue that *Garcia* should be limited to prospective operation, and the Court's discussion is therefore not a thorough treatment of the subject. In *Smith v. City of Pittsburgh,* 764 F.2d 188, 195 (3d Cir.1985), the Court applied *Garcia* retroactively and dismissed a claim of termination of employment without due process. The *Smith*

Court stressed the absence of a definitive holding in that circuit as to the appropriate statute of limitations which would have made it reasonable to wait more than two years to file suit, and therefore distinguished *Jackson,* where the plaintiffs were found to have justifiably relied on prior precedent. Because prior precedent in this circuit was clear, *Jackson* rather than *Smith* suggests the proper analysis.

many ways, it would be inequitable to apply *Garcia* to plaintiff's claim when her decision would have been timely under the law of this Circuit up till one week before plaintiff filed suit. Moreover, the Supreme Court has often reasoned that amending statutes of limitation to affect existing rights would present constitutional problems unless a reasonable time is given for the commencement of an action before the new bar takes effect. *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982).

The court finds that it need not reach the issue whether *Chevron* would protect plaintiff's right to be in court, however, since Illinois tolling rules, which are incorporated into § 1983 actions under § 1988, *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), would allow plaintiff's action. Illinois follows the common rule that an amendment shortening the period in which a lawsuit may be filed will not be retroactively applied to terminate a claim unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. *Moore v. Jackson Park Hospital*, 95 Ill.2d 223, 69 Ill.Dec. 191, 193, 447 N.E.2d 408, 410 (1983); *Jones v. Brill*, 97 Ill.App.3d 943, 53 Ill.Dec. 261, 262, 423 N.E.2d 930, 931 (1st Dist.1981). There is no language in these decisions which could limit this judge-made rule to statutory as opposed to judicial amendments. Plaintiff's filing of her lawsuit within one week of the Supreme Court's decision more than satisfies reasonable promptness so as to render the above rule applicable. It would therefore be not only inequitable but contrary to Illinois law to bar plaintiff's claims for failure to meet the two-year personal injury statute.

### Conclusion

The defendants' motion to dismiss is granted as to the State of Illinois and to any claims against defendants in their official capacities but is otherwise denied.

It is so ordered.