**Joseph FASANELLE, Plaintiff,**

v.

**Richard ELROD, Sheriff of County of Cook, Dennis Grant, Deputy Sheriff of County of Cook, and Unknown Deputy Sheriffs of County of Cook, Defendants.**

No. 85 C 09990.

United States District Court, N.D. Illinois, E.D.

April 8, 1986.

Michael H. Berman, Berman & Trachtman, P.C., Chicago, Ill., for plaintiff.

Randolph T. Kemmer, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Joseph Fasanelle ("Fasanelle") has sued the various defendants under 42 U.S.C. § 1983, complaining that he was the victim of a brutal beating. Defendants have moved for summary judgment,[1] arguing that a two-year statute of limitations bars the suit. For the reasons stated below, we disagree and deny the motion.

The following facts appear in the complaint, and we assume their truth for purposes of this motion. In the early morning hours of December 6, 1980, Fasanelle,

---

1. Their motion is better described as a motion to dismiss under Rule 12(b)(6), since it is based solely on the complaint. However labelled, the motion would yield the same result in this case.

while eating at a restaurant in Schaumburg, was beaten savagely and without provocation by defendant Officer Denis Grant and other unknown officers. The officers arrested him on phony disorderly conduct charges and ignored his medical needs while he was in custody. On January 12, 1981, charges against Fasanelle were dropped. He filed this suit on November 27, 1985, about nine days short of five years following the alleged beating.

Had the five-year period of limitations as computed in *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977), been in effect Fasanelle would have clearly filed his suit on time. However, on April 17, 1985, the Supreme Court decided *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which implicitly rejected the analysis used by *Beard* to arrive at the five-year period. *Wilson* held that all § 1983 claims should be characterized one way for limitations purposes, rather than be dependent on the facts of the given case. Federal courts in a given state must apply "the one most appropriate [state] statute of limitations for all § 1983 claims" brought in that state. 471 U.S. at ——, 105 S.Ct. at 1947. The Court directed that the most relevant state limitations period for "personal injury actions, sounding in tort," be applied. *Id.* at ——, 105 S.Ct. at 1949.

Defendants are quick to conclude that the pertinent Illinois limitations period is that found in Ill.Rev.Stat. ch. 110, ¶ 13–202 (1983), which reads in relevant part:

> Actions for damages for an injury to the person, or for false imprisonment, or for malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation ... shall be commenced within two years next after the cause of action accrued....

They are not alone, as several federal courts in this State so concluded shortly after *Wilson* was issued. *See Moore v. Floro*, 614 F.Supp. 328 (N.D.Ill.1985); *Antonelli v. Wahl*, No. 82 C 3986 (N.D.Ill. May 17, 1985) [Available on WESTLAW, DCTU database]; *Winston v. Sanders*, 610

F.Supp. 176 (C.D.Ill.1985). Such an easy conclusion is seductive. However, in *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985), Judge Shadur adopted a creative argument posed by the plaintiff there and demonstrated that the simple equation between "personal injury" in *Wilson* and "injury to the person" in ¶ 13–202 is not necessarily valid. After an extensive analysis, he held that the one most appropriate statute of limitations for all § 1983 claims in Illinois is Ill.Rev.Stat. ch. 110, ¶ 13–205 (1983), which prescribes a five-year period for "all civil actions not otherwise provided for." This is the same period that *Beard* prescribed, although arrived at along a different analytical path.

If Judge Shadur is correct in *Shorters*, which one court recently disputed, *see Wegrzyn v. Illinois Dept. of Children & Family Services*, 627 F.Supp. 636, 639–40 (C.D.Ill.1986), this suit is not barred, since it was filed just under five years after the alleged injury. We need not decide the difficult question of whether *Shorters* is true to the teachings of *Wilson*, however, because we hold below that even if *Wilson* requires that the two-year period of ¶ 13–202 controls § 1983 suits in Illinois, this suit is not barred by that statute.

It is well settled that in borrowing the limitations rules of a given state, the Court must apply that state's tolling rules as well. *See Chardon v. Soto*, 462 U.S. 650, 656–57, 103 S.Ct. 2611, 2615–16, 77 L.Ed.2d 74 (1983); *Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). The tolling rule in Illinois is clear and long-standing: When a statute of limitations is shortened, a court will not apply the new period to bar a pre-existing claim unless the party has had a reasonable amount of time after the amendment to present the claim. *E.g., Moore v. Jackson Park Hospital*, 95 Ill.2d 223, 230, 69 Ill.Dec. 191, 193, 447 N.E.2d 408, 410 (1983); *DeSeve v. Ladd Enterprises*, 137 Ill.App.3d 796, 801, 92 Ill.Dec. 365, 368, 484 N.E.2d 1220, 1223 (2d Dist.1985). Due process considerations no doubt underlie the tolling rule. *See Shorters*, 617

F.Supp. at 667–68. While Illinois courts have applied this tolling rule in cases where the legislature has shortened a limitations statute, the logic behind the rule applies with equal force when a court (as in *Wilson*) shortens the rule. *See id.* at 668; *also Bailey v. State of Illinois*, 622 F.Supp. 504, 510 (N.D.Ill.1985) (Getzendanner, J.). The gist of these principles is that the two-year statute (assuming it applies) will not bar Fasanelle's suit retroactively unless he filed his suit within "a reasonable time" after April 17, 1985, when *Wilson* came down and shortened the five-year period of *Beard* to two years.

Cases like this fall into two categories. The first is where the statute shortens the time to file a pre-existing cause of action, which is still viable on the effective date of the new statute, even under its new terms. In such cases, the Court decides whether the time between the effective date of amendment and the new date on which it barred the cause of action gave the plaintiff a "reasonable time" to file the suit. *See Moore*, 95 Ill.2d at 233, 69 Ill.Dec. at 195, 447 N.E.2d at 412; *Charles v. Meyer Medical Group, S.C.*, 96 Ill.App.3d 275, 277–78, 51 Ill.Dec. 826, 827–28, 421 N.E.2d 334, 335–36 (1st Dist.1981) (fourteen month period following amendment was reasonable; plaintiffs' claim filed nineteen months following amendment and five months after new period ends is barred). In the second category the shorter limitations period immediately curtails the pre-existing right of action. Illinois courts have described these cases as ones which could be "instantaneously barred" if the shorter limitations period were to apply retroactively. *Moore*, 95 Ill.2d at 237, 69 Ill.Dec. at 197, 447 N.E.2d at 414; *Young v. Pease*, 114 Ill.App.3d 120, 125–26, 69 Ill.Dec. 868, 872, 448 N.E.2d 586, 590 (1st Dist.1983).

In such cases, the Court must decide whether the plaintiff filed his suit within a "reasonable time" after the limitations period was shortened. *See, e.g., Moore*, 95 Ill.2d at 237, 69 Ill.Dec. at 197, 447 N.E.2d at 414.

This suit clearly falls in the second category, since *Wilson* would bar it instantly if applied retroactively. We must therefore decide whether just over seven months— the time between the day *Wilson* came down and the day the complaint was filed— was a reasonable time within which to bring the suit. Some of our colleagues have held that post-*Wilson* suits were brought within a reasonable time, although each case involved a much shorter time than we have here. *See Moyer v. Doria*, No. 85 C 4195 (N.D.Ill. Dec. 23, 1985) [Available on WESTLAW, DCTU database] (nine days following *Wilson* is reasonable); *Bailey*, 622 F.Supp. at 510 (six days following *Wilson* is reasonable); *Shorters*, 617 F.Supp. at 668 (seventy-five days following *Wilson* is reasonable). However, it is clear that Illinois courts would consider even seven months a reasonable time. They have found even longer delays following the amendment to be reasonable. *See De-Seve*, 137 Ill.App.3d at 801, 92 Ill.Dec. at 368, 484 N.E.2d at 1223 (seventeen month delay held unreasonable, but court dictum says twelve months would have been reasonable); *Nergenah v. Norfolk & Western Railway Co.*, 81 Ill.App.3d 866, 868, 37 Ill.Dec. 61, 63, 401 N.E.2d 1154, 1156 (1st Dist.1980) (7½ month delay held reasonable); *Carlin v. Peerless Gas Light Co.*, 283 Ill. 142, 119 N.E. 66 (1918) (nine-month delay held reasonable); *cf. Anderson v. Wagner*, 79 Ill.2d 295, 323, 37 Ill.Dec. 558, 571, 402 N.E.2d 560, 573 (1979) (in "category one" case, court holds that eight-month time between effective date of new period and date it barred plaintiff's suit was reasonable); *but see Matayka v. Melia*, 119

---

**2.** Those two cases might be limited to the medical malpractice context. In 1976 the Illinois legislature shortened the limitations period in malpractice cases from ten to four years, regardless of when the injury is discovered. In *Clark*, plaintiff filed his suit within ten years of the tortious act and just a few months after

discovering his injury, but more than four years after the new act went into effect. The Court held that the whole period of the new statute— four years—was the reasonable time following the effective date during which he had to file his suit. He filed it seven years after the effective date, and thus did so too late. In giving such a

**534**

Ill.App.3d 221, 224, 74 Ill.Dec. 851, 853, 456 N.E.2d 353, 355 (1st Dist.1983) (nine-month delay held unreasonable). Two courts even held that a "reasonable time" would cover the *whole* period of the new shortened statute; that is, in theory even *two years following Wilson* could be a reasonable time under the logic of those cases.[2] *See Clark v. St. Johns Hospital*, 128 Ill.App.3d 989, 84 Ill.Dec. 146, 471 N.E.2d 912 (4th Dist. 1984); *Roberson v. Taylor*, 115 Ill.App.3d 587, 71 Ill.Dec. 528, 451 N.E.2d 16 (2d Dist.1983).

Following this array of Illinois authority, we hold that Fasanelle filed his case within a reasonable time after *Wilson* was decided. Thus, the two-year period of ¶ 13–202 does not bar his suit, and defendants' motion to dismiss must be denied. It is so ordered.

generous reading to the term "reasonable," the Court might have been motivated by the fact that injured patients often discover their injury only after great delay; the court thus mitigated the harshness of the new statute. No such equity is relevant to this or most § 1983 cases. Fasanelle knew of his injury immediately.

In any event, there is another obvious limit to *Clark*. The holding there would not cover a situation where the four year "grace period" extends *beyond* the original limitation period. Placed in this context, even if *Clark* could be read to allow

up to two years after *Wilson* to file a § 1983 claim, it cannot allow such a claim to be filed more than five years—the original period—after the injury. In this case, that five-year period expired on December 6, 1985. *Clark* could not be read to allow a filing after that date, even if it has relevance outside of the malpractice context. Of course, since Fasanelle filed his suit before December 6, and seven months after *Wilson, Clark* supports our holding, and it is also consistent with other Illinois cases cited above.